SAMUEL N. S. STEVENSON *vs.* JOHN D. W. JOY.

Suffolk.   March 17, 1890. — June 21, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Negligence — Coal-hole in Sidewalk — Notice to Abutting Owner.*

The want of the notice, required to be given by the Pub. Sts. c. 52, § 19, of an injury occasioned by a defect in a highway, is no defence to an action against an abutter on a street in a city, into whose coal-hole in the sidewalk the plaintiff stepped and was injured.

An abutter on a street in a city who maintains a coal-hole in the sidewalk, besides providing a sufficient cover, must keep it secure, and if without his knowledge the cover becomes insecure, and if by the exercise of due care he might have known that it was insecure, he will be liable to a traveller who steps into the hole and is injured.

At the trial of an action against an abutter upon a city street, whose premises were let to various tenants, to recover for personal injuries occasioned by stepping into a coal-hole maintained by him in the sidewalk, the cover of which was unfastened, it was admitted that the building and coal-hole were under the care of an agent employed by him, and the presiding judge refused to rule, as requested by the defendant, that "the landlord is not responsible to third parties for the misconduct or injurious acts of his tenants; and if the defendant furnished a proper and safe coal-hole and cover, and fastening, he would not be liable to the plaintiff if through the neglect of his tenant the cover was not properly fastened, unless the fact that the tenant was so using the coal-hole was brought to his knowledge." *Held,* that the defendant had no ground of exception.

TORT, for loss of services of the plaintiff's wife, resulting from personal injuries occasioned by stepping into the defendant's coal-hole in a sidewalk on Washington Street, in Boston, and for the expense of caring for her while suffering therefrom. Trial in the Superior Court, before *Hammond,* J., who allowed a bill of exceptions, in substance as follows.

There was evidence that the plaintiff's wife fell into the defendant's coal-hole, which was situated in front of the premises owned by him on that street, by reason of the cover being insecure, and that she was injured. It was admitted that the sidewalk was within the limits of the highway; that the defendant was the owner of the building connected with the coal-hole; that at the time of the accident the building was let to several tenants at will, who paid their rent monthly; that the

building and coal-hole were under the care of a janitor and agents employed by the defendant; and that the defendant made whatever repairs were needed inside and outside the building. It appeared that no notice in writing of the time, place, and cause of the injury within thirty days thereafter was given to the defendant, or to the janitor of the building. The defendant requested the judge to instruct the jury as follows:

"*First.* In order to entitle the plaintiff to recover, it must appear in evidence that he gave or caused to be given to the defendant, within thirty days after the accident, a notice in writing of the time, place, and cause of the injury; and such notice is a condition precedent, by statute, to the right of the plaintiff to recover for any injury arising from the alleged defect or want of repair of the highway.

"*Second.* The coal-hole, being within the limits of the street, was a portion of the highway which the city was under obligation to keep in repair and reasonably safe for public travel; and if the defendant was under obligation to keep that portion of the way in repair, his obligation was the same as the city's, viz. to use reasonable care and diligence to keep the way safe.

"*Third.* The defendant is not by law held to be the insurer of the absolute safety of the coal-hole, but is under only the same obligations as are imposed upon the city; that is, he is liable only for neglecting to use reasonable care and diligence to secure the safety of that part of the way; and if the defendant provided a proper coal-hole, with a proper cover, properly fitted, and with a proper fastening, he has fulfilled his obligation.

"*Fourth.* If the jury find that the coal-hole was a proper one, with a proper cover, properly fitted, and with a proper fastening, they must find a verdict for the defendant, unless they also find that the defendant had knowledge that the cover was not fastened at the time of the accident.

"*Fifth.* The landlord is not responsible to third parties for the misconduct or injurious acts of his tenants; and if the defendant furnished a proper and safe coal-hole and cover, and fastening, he would not be liable to the plaintiff if through the neglect of his tenant the cover was not properly fastened, unless the fact that the tenant was so using the coal-hole was brought to his knowledge."

The judge refused to give these instructions, and instructed the jury as follows:

"The defendant is not the insurer of the safety of the coalhole; he is only held to ordinary care and diligence about it. Was ordinary care exercised about that coal-hole? The defendant himself knew nothing about it, but he must be held responsible for the acts of those to whom he delegated the care of it. On that you will see, among other things, where the coal-hole was. It was in a highway. See how much the highway was travelled; in what part of the sidewalk it is, whether on that part over which people were likely to travel or not; see further what would be likely to be the consequences arising from having it out of order, because the consequences of an accident may properly be taken into consideration by the jury in considering what care should be taken to avoid it. The defendant had the right to use that part of his premises under the sidewalk, providing he exercised due care with reference to people passing over it. The fact that it was a part of the street would not prevent him from using his land under the street, providing he takes proper care for the persons who are going over it. He is not to be held responsible because the coal-hole was there, nor from the fact that there was an excavation under the sidewalk; but the coal-hole and the excavation being there, he is held responsible for such care as ought to be exercised under the circumstances. On that you will see what was the original construction of the coal-hole. Was there a sound cover or not? Did he have any reason to believe that it was out of order? Was any complaint ever made to him or to his agents? If complaint was made to his agents, and the care was delegated to them, their care is the care of the defendant; their eyes are his eyes, their ears are his, and their hands are his, so far as to them is delegated the care of the coal-hole. Of course you will look and see, among other things, whether the hole as originally constructed was such as would be likely to get out of order; you will see what care was exercised by the janitor or others; you will consider how many persons had the right to put coal through the hole; and whether that would increase or decrease the care required about it. It is in dispute as to what was the original condition of the coal-hole and cover. See whether, under all the

circumstances, at the time of this accident that cover was in a dangerous condition, by reason of such a lack of care as ought to have been exercised with reference to it, because you must hold the defendant·to such care as properly ought to have been exercised about it."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*T. H. Armstrong*, for the defendant.

*C. W. Cushing*, for the plaintiff.

FIELD, J.    The first instruction requested was rightly refused, for the reasons given in *Fisher* v. *Cushing*, 134 Mass. 374.

The court was not required to express any opinion upon the question whether the obligation of the defendant to keep the way safe was in all respects the same as that of the city of Boston.    The care which the court instructed the jury the defendant was bound to exercise with reference to the coal-hole was ordinary care, and this is substantially the degree of care which the defendant contended for in his second and third requests. This degree of care would not necessarily be satisfied by providing a proper coal-hole and cover, without taking any pains to see that they were kept in proper condition.    These requests, so far as they were not included in the charge of the court, were rightly refused.

The fourth request was rightly refused, because it assumes that the cover of the coal-hole was not fastened at the time of the accident, and that this was the cause of the accident, and because, if this assumption were true, it was not necessary, in order to show negligence on the part of the defendant, to prove that he knew that the cover was not fastened.    To render him liable, it was enough if he ought to have known it; that is, if he would have known it if he had exercised due care.

The fifth request was rightly refused, because the exceptions state that it was admitted "that the building and coal-hole were under the care of a janitor and agents employed by the defendant," and the defendant would be liable for their negligence within the scope of their employment.

The instructions given were sufficiently favorable to the defendant.

*Exceptions overruled.*