D. H. McDANELD

v.

LIZZIE LOGI.

*Filed at Ottawa October 31, 1892.*

1. EVIDENCE—*of the order in which introduced.* The order in which a party shall offer his evidence is for his counsel to determine, unless it is made to appear to the court that some undue advantage of the opposite party is thereby attempted.

2. NEGLIGENCE—*leaving hole in sidewalk—defense that city is liable.* In an action against the owner of a building in a city for a personal injury, caused by a defective sidewalk in front of his premises, by leaving a hole therein in an unsafe condition, the fact that the city may be liable to the plaintiff for the injury is no defense. In such case, if a recovery was had against the city, the defendant would be liable over to the city.

3. PRACTICE IN SUPREME COURT—*points not urged in the Appellate Court.* After the appellee has filed his brief in this court in an appeal from the Appellate Court, the appellant can not, by filing a supplemental brief, have this court consider and determine matters not presented to the Appellate Court, and to which the appellee has had no chance to reply.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

Mr. ELBERT C. FERGUSON, Mr. CHARLES N. GOODNOW, and Mr. C. M. HARDY, for the appellant.

Messrs. BRANDT & HOFFMAN, and Mr. J. S. KENNARD, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Appellant was the owner of a building in the city of Chicago, in which he stored hides, tallow, etc. In front of this building he had constructed a sidewalk of pine boards, in which was left a circular opening, some eighteen inches in

diameter, through which green hides were received below. This opening was covered with an iron plate. On the night of June 5, 1889, appellee, in passing over said walk, stepped on the edge of the iron plate, which slipped out of its place, and she fell into the opening, receiving injuries, for which she brings this action. She recovered a judgment in the circuit court for $2500 and costs of suit. The Appellate Court has affirmed that judgment, and appellant again appeals.

Appellant's counsel filed the same brief and argument in this court used in the Appellate Court, and it is largely devoted to a discussion of the propositions, "the verdict is contrary to the evidence and the weight of the evidence," and "the damages are excessive." With whatever propriety these questions may have been urged upon the attention of the Appellate Court, they are not the subject matter of discussion or decision here.

Some objection is made to the admission of the testimony of one Dr. Blanchard, introduced on behalf of the plaintiff, and the order in which his testimony was admitted. These objections are so blended, in the argument, with the discussion of the weight of the evidence, as to make it difficult, if not impossible, to discover the ground upon which the competency of the evidence is questioned, but after a careful examination of the testimony of the witness we are unable to discover wherein it can be said to be incompetent. The order in which a party shall offer his evidence is for his counsel to determine, unless it is made to appear to the court that some undue advantage of the opposite party is thereby attempted. Here there was no objection, at the trial, as to the order in which the plaintiff offered her evidence. Indeed, we are at a loss to see how the defendant could have urged even a plausible objection thereto.

It is also insisted the city of Chicago and not the appellant is liable. Whether an action could have been maintained against the city by appellee is not material in this case. On the allegations of her declaration there can be no serious

dou bt as to the liability of appellant, if those allegations were sust ained by proof, and this the jury and the Appellate Court h ave found was done. Moreover, on the case made, if the city had been sued and a recovery had against it, there would have been a clear right of action over against appellant. *Stephani* v. *Brown*, 40 Ill. 428; *Gridley* v. *Bloomington*, 68 id. 47; *Peoria* v. *Simpson*, 110 id. 294.

In the brief and argument referred to, no objection whatever is made to the ruling of the circuit court in modifying or refusing instructions. Within the rules of this court, counsel for appellee filed their brief and argument in reply to that of appellant. Afterward counsel for appellant obtained leave to file an additional brief and argument, and in it they seek to raise the further point that the trial court erred in modifying the 17th, 18th, 19th, 20th, 21st and 22d instructions asked by the appellant. These instructions, and many others which were given, should have been refused. The jury was fully instructed without them. Even as modified they were rather arguments in favor of appellant than statements of rules of law applicable to the issues in the case. But the practice of arguing a case in this manner can not be permitted. We are now asked to reverse the judgment of the Appellate Court on a point not presented for its decision at all, and not raised in this court until after the appellee had filed her brief and argument in the case. Especially was it the duty of counsel for appellant, if they desired to make this point, to present it in their argument first filed in this court, so that opposing counsel might have an opportunity to reply to it.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*