EDMUND THORNDIKE, Admr.

*v.*

JOHN L. THORNDIKE.

*Filed at Springfield November 2, 1892.*

1. CHANCERY—*preventing the bar of the Statute of Limitations.* Although courts of equity will ordinarily act in obedience and in analogy to the Statute of Limitations, yet they will also, in proper cases, interfere in actions at law to prevent the bar of the statute when to permit the bar would be inequitable and unjust.

2. SAME—*enforcing claim of long standing.* Where the obligation of a party is clear, and its essential character has not been affected by the lapse of time, equity will enforce a claim of long standing as readily as one of recent origin, as between the immediate parties to the transaction.

3. SAME—*enjoining the prosecution in another State, of claim barred in this State.* A court of equity will not enjoin a citizen of this State from prosecuting an action in another State against the estate of a deceased citizen of this State, on the ground that the action is barred by the laws of this State, when it is not barred in such other State.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Morgan county; the Hon. C. EPLER, Judge, presiding.

Mr. WILLIAM BROWN, and Mr. JOHN A. BELLATTI, for the appellant:

Courts of equity will, by injunction, secure to an individual the benefit of the laws of the State in which he resides. *Snook* v. *Snetzer*, 25 Ohio St. 516; *Engel* v. *Scheureman*, 40 Ga. 206; *Dehon* v. *Foster*, 4 Allen, 545; *Vail* v. *Knapp*, 49 Barb. 299; *Dehon* v. *Foster*, 7 Allen, 57.

Messrs. MORRISON & WHITLOCK, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The single question is here presented whether the fact that a citizen of this State is prosecuting a suit at law against intestate estate of a deceased citizen of this State, found in another State, upon a cause of action which is barred by our Statute of Limitations but which is not barred by the Statute of Limitations in which the suit is being prosecuted, authorizes a court of chancery in this State, having jurisdiction of the person of the plaintiff, to enjoin him from further prosecuting his suit at law in the other State. The courts below decided, and, as we think, correctly, in the negative.

The Statute of Limitations is a purely legal, as contradistinguished from an equitable, defense, and although courts of equity will ordinarily act in obedience and in analogy to the Statute of Limitations, yet they will also, in proper cases, interfere in actions at law to prevent the bar of the statute where it would be inequitable and unjust. (2 Story's Eq. Jur. sec. 1521.) And so it has been held, that where the obligation is clear, and its essential character has not been affected by the lapse of time, equity will enforce a claim of long standing as readily as one of recent origin, as between the immediate parties to the transaction. (13 Am. and Eng. Ency. of Law, 674, note 5; *United States* v. *Alexander*, 19 Fed. Rep. 609, and cases cited; *Reynolds et al.* v. *Sumner et al.* 126 Ill. 58.) The fact that the remedy at law is barred here does not give even a legal, much less an equitable, right to interpose the bar in the action in the foreign State against the property therein. *Mitchell* v. *Shook*, 72 Ill. 492; *Railroad Co.* v. *Barron*, 83 id. 365; *Wabash Railroad Co.* v. *Dougan*, 142 id. 248.

No case has been cited, and we are aware of none, holding that it is inequitable for a party to prosecute a legal demand against another within any forum that will take legal jurisdiction of the case merely because that forum will afford him a better remedy than that of his domicil. To justify equitable interposition in a case like the present, it must be made to appear that an equitable right will otherwise be denied the party seeking relief.

The judgment is affirmed.

*Judgment affirmed.*