MARTIN O'MALLEY, DEFENDANT IN ERROR, v. LILLY GERTH ET AL., PLAINTIFFS IN ERROR.

Submitted March 25, 1902—Decided June 16, 1902.

1. Persons taking the possession, care and control of real property under a trust devise in a will, may be sued in tort as individuals for injuries resulting from their negligent acts or omissions in the management of the property. Whether such trustees may have indemnity out of the trust estate is of no concern as to the rights of a third party.
2. An abutting owner or occupant of premises who maintains a coal-hole in a sidewalk in a city street, with a lid upon it which he allows to become so insecure and unsafe that a traveler stepping thereon slips in the hole and is injured, is liable to such injured person irrespective of whether there be liability on the part of the municipality.

In tort.  On error to the Essex County Circuit Court.

For the plaintiffs in error, *Samuel Kalisch.*

For the defendant in error, *Elvin W. Crane* and *Francis Child.*

The opinion of the court was delivered by

FORT, J. The defendant in error is a policeman of the city of Newark. While on duty, on the 29th day of April, 1900, he was passing through Campbell street and stepped on a cover over a coal-hole. The cover turned and he fell astride it into the hole and was seriously injured.

The premises in front of which the coal-hole was were the property of Julius Gerth in his lifetime. By his will this property was made a part of the residue of his estate, and was left *in trust* to his executors to let and rent it and to collect the rents accruing from the same, and, after paying taxes, insurance, repairs and other charges, to pay the net surplus to the testator's widow. The executors have a power of sale. The three defendants are named as executors in the will, and all qualified.

The accident occurred through the faulty condition of the coal-hole, owing, undoubtedly, to the spreading of a cracked flagstone in which the rim of the lid or cover rested. Because of the enlargement of the hole the lid at times would get in a position where it would slip in the hole and turn upon its edge from pressure, and it did so when the defendant in error stepped upon it. Whether the defendants had knowledge of this condition of the hole and lid, and whether they had failed to repair within a reasonable time after notice thereof, was left to the jury as a question of fact which they must find in the affirmative before the verdict could be for the plaintiff. They so found.

The additional lines of defence relied upon were:

*First.* That the premises were occupied by a tenant, and that the fault was the fault of the tenant, and he alone was liable for the accident, no obligation being upon the defendants to repair.

*Second.* That the damage resulted from a defect in the sidewalk, and that the city was charged with its repair, and it alone was liable for injuries resulting from non-repair.

*Third.* That if the defendants were liable, they could not be held as individuals, but only as executors or trustees, their relation to the property being solely one of trust.

The trial judge properly declared the law as to the first proposition, and left it to the jury to determine whether the tenant had the exclusive possession of the premises, and whether it was incumbent upon the defendants to repair. He told the jury that if the premises were rented by a tenant and the defendants did not reserve a right of entry for repair, or agree to repair, and the defective condition of the coal-hole occurred during the tenancy and while the defendants had no right or duty to repair, the plaintiff could not recover, but if the tenancy was uncertain, or monthly, or the like, and the defendants reserved, or continuously exercised, the right to repair, and had had their attention called to the defect in the hole, and had, after this, failed to repair, they were not, under that situation, relieved from liability. What the facts were in these respects was left to the jury, and they have found against the claim of the defendants.

This states the rule of law correctly. *Jennings* v. *Van Schaick,* 108 *N. Y.* 530.

The second proposition is not tenable. Even if the city could be made liable in a case like this, it is still an undoubted legal rule that the owner of the premises, or the occupant thereof, or both, are liable. The maintenance of a trap like this upon a sidewalk in front of one's premises is a nuisance. *Busw. Per. Inj.,* § 187; *Cooley Torts* 748; *Davenport* v. *Ruckman,* 37 *N. Y.* 568; *Durant* v. *Palmer,* 5 *Dutcher* 544.

Nor is the position that the defendants in this case cannot be held as individuals sustainable.

The cases cited by counsel for the defendants were cases where receivers of railroads appointed by the court were sued as individuals for injuries happening to passengers or others upon trains operated under the receivership and within the

line of their duty. The case of *Cardot* v. *Barney,* 63 *N. Y.* 281, which was of this character, was relied upon by the defendants' counsel to sustain his contention. In *Kain* v. *Smith,* 80 *Id.* 458, that case was distinguished from cases of the class before us, and the rule in the class of cases where the trust is one voluntarily assumed is fully stated. A party having independent control is liable for the acts of persons under his control, whether of contract or tort. *Rogers* v. *Wheeler,* 43 *Id.* 598.

Trustees for the benefit of bondholders of a railway who assume duties under the terms of their trusteeship are personally liable for torts arising from negligence or misconduct of the employes operating the road under them. *Sprague* v. *Smith,* 29 *Vt.* 421.

The fact is unimportant that the defendants were acting as trustees, or in a representative capacity, in the care or control of the property. An action in a case of this kind lies against them as individuals. Whether they may have indemnity out of the trust estate is of no concern as to third parties. *Mason* v. *Pomeroy,* 151 *Mass.* 164, 167; *Odd Fellows* v. *McAllister,* 153 *Id.* 292, 297.

No error is found, and the judgment of the Circuit Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, COLLINS, FORT, GARRETSON, HENDRICKSON, PITNEY, BOGERT, KRUEGER, ADAMS, VREDENBURGH, VROOM. 15.

*For reversal*—None.