CORNELIUS VANDERBECK v. THE MAYOR AND ALDERMEN OF THE CITY OF PATERSON.

Submitted December 9, 1901—Decided November 10, 1902.

Where a plaintiff has sustained the burden of proof as to some damages and failed as to others, he will be given his election either to hold the verdict for the sum to which he is entitled or to essay the results of a new trial.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, COLLINS and PITNEY.

For the plaintiff, *Francis Scott.*

For the defendants, *Michael Dunn.*

The opinion of the court was delivered by

GARRISON, J. In this case we have reached the conclusion that the plaintiff may hold his verdict (which was for $3,000) if he elects to remit so much of it as is in excess of $1,000. The action was against a municipal body for discharging its sewage upon land of the plaintiff, thereby fouling water upon which the plaintiff cut ice, which was unsalable. The normal measure of damages in such case is the rental value of plaintiff's land, which was $300 a year, the injury covering three years. In order to go beyond this measure of damage, and charge the defendant with damages enhanced by the plaintiff's own act of harvesting the ice crop of 1897, it was necessary for him to show that, upon reasonable consideration, he believed that he was expending his labor upon an ice crop ·that would be marketable. The plaintiff's position, therefore, approached that of a dilemma—for, in order to make the defendant liable, he proved that the water was palpably foul, while, in .order to increase his damages, he must excuse himself for cutting the ice from such water. The proof that the water was noticeably foul was ample almost to unanimity, but the proof of plaintiff's belief that such water would cut marketable ice is not only meagre and unsatisfactory, but also involves his acceptance of the notion that foul water will make good ice.

Upon this latter point the plaintiff's testimony is not reasonably consistent with that upon which his verdict rests, and does not sustain the burden of proof. He may, therefore, as has been said, either accept so much of his verdict as he is fairly entitled to or essay the results of a new trial upon the question of augmented damages.