ANNIE L. FLIETH *vs.* SAMUEL E. CUNNINGHAM.

*Personal Injuries—Pleading—Demurrer to Declaration—Municipal Corporation—Footways or Sidewalks—Duty of Abutting Owner—City Ordinance.*

Demurrer to plaintiff's declaration sustained on the ground that the property owner is liable for the unsafe or defective condition of the footway or sidewalk in front of his premises only upon failure to repair after notice to do so, given in accordance with the statute.

(*April* 11, 1908.)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*William F. Kurtz* for plaintiff.

*William S. Hilles* for defendant.

Superior Court, New Castle County, March Term, 1908.

ACTION ON THE CASE (No 46, May Term, 1906), to recover damages for personal injuries to plaintiff alleged to have been occasioned by reason of the failure of the defendant to keep in repair a certain pavement or sidewalk on which his property abutted in the City of Wilmington.

Demurrer to Declaration.

The first count of the declaration alleged that "at the time of the committing of the grievances hereinafter mentioned, the defendant above-named was and still is the owner in fee simple of a certain lot of land with the messuage thereon erected, situate on the south-east side of Maryland Avenue, which is a public highway in the City of Wilmington, New Castle County aforesaid, and as such owner of said lot of land and messuage abutting on said public highway, it was and is the duty of the said defendant to keep the foot-way or sidewalk in front of his said premises in a reasonably safe condition for persons lawfully passing along and

over the same, yet the said defendant, not regarding his duty in that behalf, negligently and carelessly placed, or by and through his agents and servants caused to be placed, a certain curb stop-box in and upon the sidewalk in front of his aforesaid premises so that it projected several inches above the level of the surface of said sidewalk, forming a dangerous obstruction to persons passing lawfully along and over said sidewalk of said public highway, whereby the said plaintiff, to wit, on the thirteenth day of April, A. D. 1905, at the city of Wilmington, County of New Castle aforesaid, while she was lawfully passing along and over the sidewalk in front of the defendant's premises, and was in the exercise of due care and caution on her part, then and there stumbled upon and over said curb stop-box or obstruction and then and there fell and broke her leg at or near the ankle, and was otherwise greatly hurt, bruised and wounded, and was sick, sore, lame and disordered, and so remained and continued for a long space of time," etc.

The charging part of the second count was that "the said defendant, not regarding his duty in that behalf, negligently and carelessly suffered and permitted, or by and through his agents and servants suffered and permitted, a certain curb stop-box to be and remain in and upon the sidewalk in front of his aforesaid premises so that it projected several inches above the level of the surface of said sidewalk forming a dangerous obstruction to persons passing lawfully along and over the said sidewalk of said public highway, whereby the said plaintiff," etc.

The third count charged that the defendant "as such owner of said lot of land and messuage abutting on said public highway, by virtue of Sections 119, 120 and 121 of the Charter of the City of Wilmington aforesaid, as passed by the General Assembly of the State of Delaware on April 13, A. D. 1883, and the subsequent acts amendatory of said section, it was and is the duty of the defendant to repair the footway between the curbstone and building line in front of his said lot whereon is erected a dwelling-house, so that said footway shall be reasonably free from any obstruction or defective condition which might endanger the free

passage of persons lawfully passing along and over the same (said obstruction or defective condition of the footway aforesaid herein complained of not having been caused by the City of Wilmington, or any of its authorized agents), yet the said defendant, not regarding his duty in that behalf, negligently and carelessly placed, or by and through his agents and servants, caused to be placed a certain curb stop-box, in and upon the footway or sidewalk in front of his aforesaid premises between the curbstone and the building line thereof so that it projected several inches above the level of the surface of said footway or sidewalk, forming a dangerous obstruction or defective condition thereof to persons passing lawfully along and over said footway or sidewalk aforesaid, for a long space of time and after the said defendant, his agents and servants, had notice thereof or by the exercise of reasonable care and caution ought to have had notice thereof, whereby the said plaintiff," etc.

The fourth count was similar to the third.

The fifth count charged that "at the time of the committing of the grievances hereinafter mentioned, the defendant above-named was and still is the owner in fee simple of a certain lot of land with the messuage thereon erected, situate on the south-east side of Maryland Avenue, which was and is a public highway in the City of Wilmington, New Castle County aforesaid, the said City of Wilmington not being the owner of the fee of said public highway but having only the right of lawful passage ther over for its residents and the public generally, the reversion of the fee of said public highway between the building lines thereof, being in the owners of the properties abutting thereon, and as such owner of said lot of land and messuage abutting on said public highway, as well as the owner of the reversion of said highway from the building line to the middle of said highway for such portion thereof immediately abutting in front of said defendant's aforesaid lot of land, by virtue of Sections 119, 120 and 121 of the Charter of the City of Wilmington, aforesaid, as passed by the General Assembly of the State of Delaware, on April 13, A. D. 1883, and the subsequent acts amendatory of said sections, it

was and is the duty of the defendant to repair the footway between the curbstone and building line in front of his said lot whereon is erected a dwelling-house, so that said footway shall be reasonably free from any obstruction or defective condition which might endanger the free passage of persons lawfully passing along and over the same (the said obstruction or defective condition of the footway aforesaid herein complained of not having been caused by the City of Wilmington, or any of its authorized agents), yet the said defendant, not regarding his duty in that behalf, negligently and carelessly placed, or by and through his agents and servants, caused to be placed a certain curb stop-box," etc.

The sixth, seventh and eighth counts were similar to the above.

· *William S. Hilles*, for defendant, filed a demurrer to each of said counts, assigning the following causes to the same:

That the said counts do not correctly state the lawful and legal duty of the defendant.

That as a matter of law, it was not and is not the duty of the defendant to keep the footway or sidewalk in front of his said premises in a reasonably safe condition for persons lawfully passing along and over the same as set forth in the said counts.

That the said defendant was not responsible for the condition of the said sidewalk in front of his said premises, except so far as the said condition might be due to his act or the act of his authorized agent.

That as a matter of law, it was not and is not the duty of the defendant to repair the footway between the curbstone and building line in front of his said lot whereon is erected the dwelling-house, so that said footway shall be reasonably free from any obstruction or defective condition as set forth in the said counts of the said declaration.

That the ordinance therein referred to has no connection whatever with the cause of action or the duty of the said defendant.

That it does not appear what, if any, connection the said ordinance has with the matters complained of in the said counts.

*Per Curiam:* Demurrer sustained, on the ground that the property owner is liable only upon failure to repair after notice to do so, given in accordance with the statute.