*48 Vroom.*                Connors v. Newton.


JOHN J. CONNORS, BY HIS NEXT FRIEND, ANNIE CON-
NORS, v. JOHN H. NEWTON.

Submitted July 2, 1908—Decided November 9, 1908.

Where a platform between the sidewalk of a public street and a store
became suddenly out of repair, such store being occupied by a
tenant, and a person passing over such platform in order to enter
the store was injured—*Held*, in a suit against the owner of the
premises for such injury that in the absence of a right reserved
to the landlord to re-enter the demised premises for the purpose
of repairing them, the tenant will be deemed to be chargeable with
the duty of making such repairs.


On appeal from the First District Court of Jersey City.

Before Justices REED, BERGEN and VOORHEES.

For the plaintiff, *James J. Murphy.*

For the defendant, *Ziegner & Lane.*

The opinion of the court was delivered by

VOORHEES, J. This is an appeal from the judgment of the
First District Court of Jersey City, rendered in favor of the
defendant in an action brought to recover for personal in-
juries sustained by the plaintiff.

The case was tried by the court without a jury. The appel-
lant has specified two points pursuant to rule 90 of this court,
viz., that the finding of the court was contrary to law, and
that the verdict should have been for the plaintiff. Inasmuch
as the determination of the judge is made final and conclu-
sive upon questions of fact by section 205 of the District Court
act (*Pamph. L.* 1898, *p.* 556), and appeal is given only with
respect to the determination of the court in points of law
(section 206), it may be doubted whether in the present case
sufficient specification under the rule has been made to en-
title the appeal to be heard.

Resolving this doubt in favor of the appellant, we have examined the state of the case as settled by the judge.

The plaintiff was injured on Sunday evening about eight o'clock by stepping into an uncovered opening in a wooden stoop or platform, leading from the sidewalk to the house owned by the defendant on Henderson street, Jersey City. The platform was used for an approach to a store in the possession of defendant's tenants. It was about seven feet wide from the store door to the sidewalk. The hole was about one foot from the store window, and was seventeen by twenty-four inches. The hole in the platform had formerly been covered by a door leading down into a cellar beneath the building, which, however, was wet, and not used for any purpose. Some time in 1906 the cellar door was removed and the opening covered by stout slats, about one and one-half inches in thickness, leaving small apertures between the slats for ventilation. The slats were fastened down to the joists which supported the platform by brass screws. The tenants in the store, from the time of putting down the slats, had considerable trouble with mischievous boys in the neighborhood, who were accustomed wantonly to tear up the slats and leave the hole uncovered. This had been done late on Saturday night, or early on Sunday morning, prior to the accident. The store was used as a candy and cigar store by William O'Toole and his wife, tenants of the defendant, Mr. O'Toole being otherwise employed at night, and his wife generally taking charge of the store. Mr. O'Toole saw that the hole was uncovered when he returned from his work at half-past six o'clock Sunday morning. His wife had covered the hole with a couple of planks which were nailed down. Mr. O'Toole, on returning Sunday morning, seeing these planks lying out in the street on the car track, replaced them before he went into the house, and the planks were still in place when he went to work at seven o'clock on Sunday morning.

Plaintiff was a neighbor, living about one block from the premises, and was a frequenter of the store in the premises.

No notice was given to defendant, the landowner, that the

covering of the platform was defective, or had been torn up, until the Monday morning following the accident, when the platform was at once repaired.

It appears that the platform was not a part of the sidewalk, for it led from the sidewalk to the house and was an approach to the store, the door of which was about seven feet from the sidewalk. It was not used for any purpose except in connection with the store, for the cellar door formerly existing in the platform had been removed and slats permanently screwed down substituted. The inference is that the platform was part of the demised premises, and so the tenant, not the owner, in the absence of an agreement to the contrary, and no right of entry being reserved to the landlord, would be liable for repairs. *Board of Health* v. *Eastlack,* 39 *Vroom* 585.

The nuisance, according to the proof, did not exist at the time of the letting, and so the liability for repairs rests upon the tenant. *Ingwersen* v. *Rankin,* 18 *Vroom* 18 (at *p.* 22).

Moreover, unless the owner could be held to be an insurer that the sidewalk on his premises shall be safe (assuming that the platform formed a part of the sidewalk), then there was a question of fact as to his negligence under all the circumstances. The court decided that for the defendant, and such question of fact is not reviewable here.

Whether the landlord had a right of entry for the purpose of repairing was a question in the case decided favorably to the defendant. The decision of this was a jury question, and the court, sitting as a jury, was charged with the conclusive determination of this matter of fact. *O'Malley* v. *Gerth,* 38 *Vroom* 610.

The judgment is affirmed.