DAVID W. HAMILTON *v.* STANDARD KID MANUFACTURING COMPANY OF DELAWARE.

(*November* 6, 1929.)

PENNEWILL, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*W. W. Knowles* and *W. Thomas Knowles* for plaintiff.

*Marvel* and *Morford* for defendant.

Superior Court for New Castle County, No. 17, March Term, 1929.

PENNEWILL, C. J., delivering the opinion of the court:

The question raised by the pleadings is briefly this:

Is the abutting owner of a property liable to a third person for injuries resulting from falling into an open areaway or hole located in the sidewalk, and made and maintained for the use and benefit of such property, where the said areaway or hole was within the building line established by the city authorities, and had been, and was at the time of the injury, left open and unguarded; and where the city had statutory power to compel the repaving and repairing of footways or pavements between the curbstone and building line?

The open areaway or hole was not created by the defendant, but existed prior to its acquiring title to the premises and has existed for upwards of forty years. The defendant has at no time been notified by the city to pave and repair said areaway or hole.

The defendant has cited two Delaware cases, viz.: *Mayor and Council of Wilmington v. Ewing,.2 Penn.* 66, 43 A. 305; and *Flieth v. Cunningham, 7 Penn.* 97, 76 A. 607.

The Court are of the opinion that neither of said cases has any application to the present case, for the reason that the injury sustained was not caused by a defect in the pavement or sidewalk. On the contrary, it was caused by a dangerous condition in the sidewalk created and maintained for the use and benefit of the property owner.

The distinction we make between a defect in the sidewalk that should be repaired, and a hole made and maintained for the use of a property owner has been recognized in a number of cases.

In *O'Malley v. Gerth, et al.,* 67 *N. J. Law* 610, 52 *A.* 563, 564, it was said:

"Even if the city could be made liable in a case like this, it is still an undoubted legal rule that the owner of the premises or the occupant thereof, or both, are liable."

In this case the defendant had maintained a coal hole upon the sidewalk in front of his premises in an unsafe condition.

In *Landru v. Lund,* 38 *Minn.* 538, 38 *N. W.* 699, 700, the court said:

"Conceding that the private passage-way into the defendant's cellar, and which was used by him, and under his control, was within the limits of the

street, and that the duty of keeping the streets in repair and safe for travel rested on the village, yet the defendant would also be liable for his own tortious or negligent acts in maintaining the same in an unsafe condition, so as to be dangerous to persons traveling on the street, and using due care."

In *Louth v. Thompson*, 1 *Penn.* 149, 39 *A.* 1100, 1103, Chief Justice Lore, in charging the jury, said:

"On the other hand, it is conceded that the 'defendant, who occupied premises abutting on the street, had a right to have and maintain within the limits of the city ordinance a covered cellar way out in the pavement, to be used in connection with his dwelling and store, for access to and from his cellar. But the law is well expressed in *Jennings v. Van Schaick*, 108 *N. Y.* 533, 15 *N. E.* 424 [2 *Am. St. Rep.* 459]: 'But the consent of the city is conditioned upon certain modes of use, and, if the opening is left unguarded, it becomes at once a trap, and a nuisance. No consent to leave it open and unprotected can be possibly claimed.'"

In the Iowa case of *Calder v. Smalley*, 66 *Iowa* 219, 23 *N. W.* 638, 639, 55 *Am. Rep.* 270, the court recognized the distinction we have mentioned by saying:

"In that [former] case the injury for which recovery was sought, resulted from the dangerous * * * construction and repair of which the city, under authority assumed by ordinance, was empowered to require; in this the alleged injuries were caused, not by a defective sidewalk, but by a defective scuttle and cover, which were constructed for the private use of defendant, either with or without the authority of the city."

It is unnecessary to quote from other cases, of which there are many, bearing on the question before the court. The following, in addition to those mentioned, constitute only a partial list: *Tremblay v. Harmony Mills*, 171 *N. Y.* 598, 64 *N. E.* 501; *Stevenson v. Joy*, 152 *Mass.* 45, 25 *N. E.* 78; 2 *Elliott on Roads and Streets, par.* 899; *City of Louisville v. Met. Realty Co.*, 168 *Ky.* 204, 182 *S. W.* 172; *Trustees, etc., v. Foster*, 156 *N. Y.* 354, 50 *N. E.* 971, 41 *L. R. A.* 554, 66 *Am. St. Rep.* 575; *Fisher v. Thirkell*, 21 *Mich.* 1, *at page* 20, 4 *Am. Rep.* 422; *Sherman and Redfield on Law of Negligence, par.* 703; *McDaneld v. Logi*, 143 *Ill.* 487, 32 *N. E.* 423; *Clifford v. Dam*, 81 *N. Y.* 52; *Stephens' Adm'r v. Deickman*, 158 *Ky.* 337, 164 *S. W.* 931, 51 *L. R. A.* (*N. S.*) 309.

If an abutting property owner creates or maintains a dangerous condition in the sidewalk for the benefit of his own property, and a person lawfully using the sidewalk, and in the exercise of due care, is injured thereby, the property owner is liable; and it does

not seem to matter whether such owner originally created the condition or not. It may have been created many years before by a predecessor in title. The material fact is, was it, at the time of the accident and injury, maintained by the owner in an unsafe and unguarded condition?

The demurrer filed by plaintiff to defendant's pleas is, therefore, sustained.