(No. 31235.

John Piff, Appellant, *vs.* George J. Berresheim *et al.,* Appellees.

*Opinion filed March 22, 1950—Rehearing denied May 15, 1950.*

Edward H. S. Martin, and James A. Morrison, both of Chicago, for appellant.

Hubbard, Hubbard & Dorgan, of Chicago, (Alvin G. Hubbard, of counsel,) for appellees.

Mr. Justice Gunn delivered the opinion of the court:

John Piff, plaintiff, filed his suit in equity in the circuit court of Cook County for an accounting against George J. Berresheim, trustee of certain real estate, and Mary P. Daly *et al.*, who were the holders and owners of the beneficial certificates in said trust. The suit is based upon the sale by the trustee, under the direction of the holders of the beneficial certificates, of two certain lots, which the plaintiff had purchased and paid for in full. The court rendered a decree for money damages in favor of the plaintiff because the lots had been conveyed to an innocent purchaser for value, and on appeal to the Appellate Court the decree was reversed and the cause remanded, with directions to dismiss the complaint for want of equity. We have allowed an appeal to this court.

On August 20, 1931, John Piff entered into a contract of purchase with the Foreman Trust and Saving Bank to purchase two lots in a land trust standing in the name of said bank, and agreed to pay $3360 for the same, upon which he received an immediate credit of $2240.06, by the exchange through the trustee of a certain other real-estate contract, and by June 27, 1933, he had made all of the payments in cash, amounting to more than $1100 of principal, and in excess of $65 interest, also taxes and special assessments, amounting to several hundred dollars. The written contract does not disclose for whom the vendor was trustee, but it is executed by one Fred W. Brummel Co. as agent, whose name was signed by George J. Berresheim, one of the present defendants. The contract also bore a printed notice, in bold type, on the front page, to make all payments to Fred W. Brummel Co. George J. Berresheim, the individual mentioned herein, at all times was the person who had contact with the plaintiff. He signed the contracts,

endorsed upon plaintiff's copy the receipts for money paid, and at the completion of the payments entered upon the outer margin the words "Paid in full June 27, 1933, G. J. Berresheim."

Berresheim became the successor trustee to the Foreman Trust and Savings Bank sometime prior to March 17, 1944, the exact time not being disclosed. It is claimed that the Foreman Trust and Savings Bank ceased doing business in 1933, that a receiver was appointed and all records have become lost and destroyed, but Berresheim admits that the payments endorsed by him upon the contract were made by the plaintiff. The plaintiff testified that after all payments had been made he applied to Berresheim for a deed, and was told he had not yet received it from the trustee, but to wait as the company (Fred W. Brummel Co.) was going to buy up the special assessments and pass the savings on to the owners, and thus save them about one-half of that amount. This is not disputed. The evidence does not disclose anything further about the delivery of a deed, nor whether the taxes had been bought in. In 1942, the plaintiff was inducted into the army and discharged on October 4, 1945, (after three and one-half years of service.) The contract between the Foreman State Trust and Savings Bank and Piff does not disclose who owned the beneficial certificates of the land trust. The answer of the defendants discloses it was formed by John P. Harding or Fred Brummel, who are both deceased.

On March 17, 1944, Annette L. Harding, Otto D. Mowry, Mary P. Daly, John H. Sasser, James P. Harding and Mary Rose Brummel, as majority owners of the beneficial certificates of said land trust, in writing authorized and directed said Berresheim to execute an option to one Paul D. Angell to purchase all of the real estate in said land trust, including plaintiff's two lots, for $3685, and, if exercised, to deed and convey the said property to the said Angell. This option was exercised on October 30, 1944,

and Berresheim executed and delivered a deed for all of the lots in said trust, including the two lots purchased and paid for by the plaintiff.

These facts are adequately set forth in plaintiff's complaint. Defendants answered that the lots were of small value; that the plaintiff had abandoned the property and was guilty of *laches,* and Berresheim claims that he was acting as a mere clerk and not as a trustee. In one of the answers an offer was made by some one of the defendants to reconvey, or to procure the reconveyance of said lots to plaintiff, but later this offer was withdrawn and an amended answer filed, leaving out this offer. Replies were made to all of the answers; the evidence was heard in open court, and at the conclusion thereof the court inquired whether the defendants would still procure the conveyance of said real estate to the plaintiff, and upon receiving a negative answer entered judgment for the plaintiff in the sum of $7874.26, the amount of money, interest, taxes and assessments expended by the plaintiff in the purchase and upkeep of the property. The Appellate Court reversed this judgment upon the theory that there was no liability of the beneficiaries, and because Berresheim was acting as a mere clerk, and further that *laches* had intervened.

At the outset it is suggested that the defendant Otto D. Mowry did not appeal from the judgment to the Appellate Court at the time the other parties appealed, but some three months after the appeal had been taken the administrator of his estate asked, and obtained leave, to join as appellant in the Appellate Court. This is assigned as disclosing a want of jurisdiction upon the part of the Appellate Court to hear and consider the case. We merely call attention to our opinion in *Smith* v. *Farmers' State Bank,* 392 Ill. 456, where we held that if part of the defendants do not join in an appeal, and cannot be injured by the appeal, it is not error to proceed with the case. Since the judgment in the lower court was against Mowry as well as the others he

could not be injured by an appeal, because affirmance would not change the situation, and reversal would be beneficial to him. The point is without merit.

In considering the merits of the case we think the Appellate Court misunderstood the foundation upon which plaintiff based his suit. No claim of liability is made in the complaint because of the action of the former trustee, Foreman State Trust and Savings Bank, or the actions of any of the defendants in this case as its assignees. The complaint is directed to the actions of Berresheim, as trustee, and not as a mere clerk, as he now claims, and against the individuals who directed and authorized him to dispose of the plaintiff's property, without any notice, or without his consent. Recurrence to a few fundamental principles is in order.

A successor trustee is not liable to the beneficiaries or otherwise for a breach committed by a predecessor trustee, but he is liable for his own breach of trust committed after succeeding his predecessor. (Restatement of the Law of Trusts, sec. 23; Scott on Trusts, vol. 2, p. 1181; *Kline's Estate,* 280 Pa. 41, 124 Atl. 280, 32 A.L.R. 926; *State Street Trust Co.* v. *Walker,* 259 Mass. 157, 157 N.E. 334.) It is also settled law in Illinois that unless a trustee exempts himself from personal liability in the instrument creating the trust he is personally liable for his actions the same as though he were an individual, (*Austin* v. *Parker,* 317 Ill. 248; *Bishop* v. *Bucklen,* 390 Ill. 176,) and there is no proof in this case of the terms of the trust under which authority the Foreman State Trust and Savings Bank acted. And if there is any such defense it has not been adduced or produced by the defendants.

The other defendants, aside from Berresheim, are the heirs of the original beneficial owners of the land trust. They step into the shoes of Brummel and Harding, and, of course, take the property subject to the same trusts under

which they held it. (*Lawrence* v. *Lawrence,* 181 Ill. 248; *Grove* v. *Willard,* 280 Ill. 247.) The business of this trust was improving and selling lots in a real-estate addition, and the interests were represented by beneficial certificates. This creates what is known as a business trust. (*Schumann-Heink* v. *Folsom,* 328 Ill. 321.) The title of the present trustee was placed in him by the heirs of the original beneficiaries of the trust.

In the case of a business trust, which is a somewhat modern method of transacting business, it has been held that the holders of the certificates may become liable for the torts or frauds of the managing trustee, where they participate in or authorize them to be done. (*Rand* v. *Morse,* 289 Fed. 339; *Schumann-Heink* v. *Folsom,* 328 Ill. 321; *Horgan* v. *Morgan,* 233 Mass. 381, 124 N.E. 32; *First National Bank* v. *Chartier,* 305 Mass. 316, 25 N.E. 2d 733, 156 A.L.R. 112.) A trustee is liable for his breach of trust, (*Cadwell* v. *Brown,* 36 Ill. 103; *Freer* v. *Lake,* 115 Ill. 662; *Towle* v. *Ambs,* 123 Ill. 410; *White* v. *Sherman,* 168 Ill. 589; *Dingman* v. *Beall,* 213 Ill. 238,) and is liable for torts to the same extent as an individual where, in the conduct of his business, a tort injury is committed. (*Wahl* v. *Schmidt,* 307 Ill. 331; *Shepard* v. *Creamer,* 160 Mass. 496; *O'Malley* v. *Gerth,* 67 N.J.L. 610; 1 Perry on Trusts, sec. 321; Restatement of the Law on Trusts, sec. 264.) In the present case, when Berresheim became successor trustee, he held title to all of the lands impressed with the trust of his predecessor, and had been collecting money from the sale thereof for the benefit of the beneficial owners. However, when he received money from the purchasers of the land in the trust, as the payments were made upon these contracts to purchase, he also became the trustee for such purchasers. After the land was fully paid for in June, 1933, and from that time on, the Foreman State Trust and Savings Bank, and Berresheim as its suc-

cessor in trust, became trustees, under well-settled principles, for the purchaser, John Piff. (55 Am. Jur. 782; *Stevenson v. Loehr,* 57 Ill. 509; *Fuller v. Bradley,* 160 Ill. 51; *Waggoner v. Saether,* 267 Ill. 32; *Barrell v. Britton,* 244 Mass. 273, 138 N.E. 579; *Harrington v. Fedderson,* 208 Iowa, 564, 226 N.W. 110.) While authorities are conflicting as to the trustee relationship before payments are completed, we are aware of no authority which does not so hold where the payments have been completed and nothing remains to be done but for the vendor to execute a deed.

The payments due upon these two lots were completed in 1933, and from that time the title was held by the trustee, whether the original or successor in trust, as a trustee for the purchaser, and the property was impressed with such trust when the heirs of Brummel and Harding succeeded to their beneficial interests. (*Lawrence v. Lawrence,* 181 Ill. 248; *Grove v. Willard,* 280 Ill. 247.) Where there is a breach of trust, an action will lie against the trustee for fraud, misrepresentation or conversion, either at law or for an accounting in equity. In the instant case the plaintiff was in the military service at the time Berresheim was directed by the heirs of the original creators of the trust to grant an option, and make a deed, and was still in the service at the time Berresheim actually made the deed. This is a clear breach of the trust under which the property was held. It was done without authority or notice. It was a clear fraud upon the rights of the plaintiff, not only under general principles, but under the provisions of a statute of the State. Ill. Rev. Stat. 1949, chap. 38, par. 318.

It is no defense for Berresheim to say that at the time he received the payments for the Trust Company from 1931 to 1933, he was a clerk. Plaintiff is not complaining of any action of Berresheim during those years. He is complaining about his actions in conveying away the property after he became a trustee, and he complains against

the successors of the originators of the trust, because they authorized and directed Berresheim to give an option to sell and convey, and he did sell and convey, property which belonged to the plaintiff. Not only did Berresheim have express notice of the equities of the plaintiff, but the other defendants, knowing the property had been placed in the hands of a trustee for the purpose of sale, were bound to ascertain what equities existed against the property. In executing the written authority and direction for Berresheim to sell, they participated in the wrong inflicted upon the plaintiff by their unauthorized and illegal act, and we have many times held that all those who participate in the commission of a fraud are equally liable for any damage or injury resulting therefrom. *Beidler* v. *Crane,* 135 Ill. 92; *Garlick* v. *Imgruet,* 340 Ill. 136; *Svalina* v. *Saravana,* 341 Ill. 236.

The liability clearly existing, the only real defense offered is that of *laches.* The plaintiff had no complaint against the Foreman State Trust and Savings Bank, and neither did the bank do the plaintiff any injury. It did not attempt to convey away the property, and, so far as the record shows, did not convey away the property. When the defendants in this case took title from the Foreman State Trust and Savings Bank and placed it in the hands of the successor trustee, and directed him to give an option and to sell, an entirely new situation arose. Certainly there was no *laches* against the actions of the present defendants because they occurred during the time the plaintiff was in the army, and no legal proceedings had been taken against him, and if any proceedings had been started it would have been necessary for such legal proceedings to have been suspended until after he had been discharged from service. It is also questionable whether the defendants may invoke such a defense in the right of the Foreman State Trust and Savings Bank since no possible injury can inure to it

because of plaintiff's failure to obtain a deed from it; but assuming they may in their own right urge *laches,* we do not think any has been established.

It is a settled principle that *laches* does not run against an express trust. (*Reynolds* v. *Sumner,* 126 Ill. 58; *Thorndike* v. *Thorndike,* 142 Ill. 450; *Evans* v. *Moore,* 247 Ill. 60.) The principle is tersely stated by Justice Scholfield in *Thorndike* v. *Thorndike,* 142 Ill. 450, as follows: "The Statute of Limitations is a purely legal, as contradistinguished from an equitable, defense, and although courts of equity will ordinarily act in obedience and in analogy to the Statute of Limitations, yet they will also, in proper cases, interfere in actions at law to prevent the bar of the statute where it would be inequitable and unjust. [Citation.] And so it has been held, that where the obligation is clear, and its essential character has not been affected by the lapse of time, equity will enforce a claim of long standing as readily as one of recent origin,.as between the immediate parties to the transaction. [Citations.] The fact that the remedy at law is barred here does not give even a legal, much less an equitable, right to interpose the bar in the action  *  *  *."

In *Barnes* v. *Barnes,* 282 Ill. 593, speaking through Justice Cartwright, we said: "The Statute of Limitations does not begin to run against such a trust [express] until the trust is repudiated or the trust relation between the parties comes to an end. The trust not having been repudiated or denied by Erastus A. Barnes the statute did not begin to run until his death. [Citations.]" In *Stiger* v. *Bent,* 111 Ill. 328, we said: "A court of equity applies the doctrine of *laches* in denial of relief prayed, where the statutory period of limitations has not expired, only where, from all the circumstances in evidence, to grant the relief to which the complainant would otherwise be entitled, will, presumptively, be inequitable and unjust, because of the delay, to the defendants." This case was followed with

approval in *Rogers* v. *Barton,* 386 Ill. 244. There is no claim upon the part of the Foreman State Trust and Savings Bank of any injury or damage, and certainly none could be claimed by Berresheim and the other defendants, because during practically the entire period the plaintiff was in the military service, and the transactions complained of had occurred without notice to him. We are satisfied that the doctrine of *laches* cannot be applied to this case.

Appellees make a further contention that part of the plaintiff's case was established by his testimony, and that it was improper because they were heirs and devisees of Brummel and Harding. Reference to the pleadings discloses they were not defending as heirs or devisees. They were defending against their own wrongful acts, and the mere fact that they succeeded to the interests of those who had created the original trust has no materiality whatever to the right of the plaintiff to testify against those who in their own persons committed a wrong against him. We have no doubt the plaintiff was entitled to recover from all of the defendants for their unlawful and unauthorized act in transferring to another the property equitably belonging to the plaintiff.

The principle in equity seems to be well settled that where a trustee commits a breach of his trust and becomes liable to his *cestui que trust,* the latter has the option to follow the property into the hands of the purchaser if he takes it with notice, or to recover the amount he has been injured in the transaction. In the present case, the defendants were given an opportunity by the court to procure for the plaintiff the real estate from the persons to whom they had sold it, but either declined or were unable to do so. In any event, the property cannot be restored because there is no proof that Angell was not a purchaser, in good faith, of the record title. Under these circumstances, the defendants became liable for the actual damages sustained. Defendants are fully aware of the amount estab-

lished as having been paid by the plaintiff, and they raised no objections in their brief or by way of cross error to the measure of damages allowed. No other measure of damages was suggested. Since the appellees have not questioned the measure of damages, there is nothing in the record upon which we can base any different measure than that followed by the lower court.

We have examined this record carefully, and find that Berresheim held title to the lots involved as trustee for plaintiff, Piff; that he had full knowledge that the lots had been paid for in full; that for more than ten years he had been acquainted with the title; that the other defendants were heirs of the original holders of the beneficial certificates, placed the property in trust, subject to the equities created by their ancestor, and gave instructions for Berresheim to exercise the option, and, in case the option was exercised, to sell and transfer all of the property in that particular addition, including the property owned by the plaintiff, at their peril. There can be no escape from the fact that they either designedly or carelessly disposed of the plaintiff's property, and became liable for damages resulting from their act.

Their liability being clearly established, and the measure of damages not being argued, the judgment of the Appellate Court for the First District must be reversed and the decree of the circuit court of Cook County affirmed.

*Appellate Court reversed; circuit court affirmed.*