**BAY OF NAPLES CONDOMINIUM ASSOCIATION**

**v.**

**Hope LEWIS, Personal Representative of the Estate of Ralph E. Lewis, Jr., et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 29, 1990.

Decided Nov. 29, 1990.

Joel C. Martin, Petruccelli, Cox & Martin, Portland, for plaintiff.

Daniel L. Peabody, Thompson & Peabody, P.A., Naples, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and BRODY, JJ.

McKUSICK, Chief Justice.

Defendant Hope Lewis, personal representative of the estate of Ralph E. Lewis, Jr.,[1] appeals an order of the Superior Court (Cumberland County, *Fritzsche, J.*) denying her motion to dissolve the attachment against the estate's property obtained *ex parte* by plaintiff Bay of Naples Condominium Association (Association). Finding ample support in the record for the attachment, we affirm.

Defendant Causeway Associates Trust (the Trust), formed by a written declaration in 1982, is a business trust, designed to develop and market real estate on the shore of Long Lake in Naples. In the original declaration of trust, Ralph Lewis was named both as the sole trustee and as one of the beneficiaries. In April 1982 on behalf of the Trust, Lewis recorded a declaration of condominium establishing the 38–unit Bay of Naples Condominiums. He was the principal representative of the Trust who had the responsibility for overseeing the construction of the condominium units and was the primary contact between the Trust and the Association, whose members bought the early condominium units starting in 1983. A dispute between Lewis and the other participants in the Trust's business led to a settlement agreement in January 1985 whereby Lewis resigned as both the sole trustee and one of the beneficiaries. Despite this agreement, Lewis continued to sign deeds as the "Trustee of Causeway Associates Trust" through October 1988.

In October 1989, Ralph Lewis having died, the Association commenced this action against Lewis's estate as well as other Trust participants and the Trust itself, seeking damages for (1) breach of express warranties of quality, (2) breach of implied warranties of quality, (3) negligent supervision of construction and repairs, and (4) misrepresentation. The complaint expressly named Lewis as a "principal" of the Trust. Appended to the complaint was a detailed accounting of a variety of alleged structural and design defects in the condominiums. On the Association's *ex parte* motion, the Superior Court (*Cole, J.*) approved the attachment of property of the named defendants. Lewis moved for dissolution of the attachment order. The court (*Fritzsche, J.*) denied his motion and Lewis appealed.[2] An attachment, or the denial of a motion to dissolve an attachment, is immediately appealable as an exception to the final judgment rule. *See DiPietro v. Casco Northern Bank,* 490 A.2d 215, 218 (Me. 1985).

On a plaintiff's motion, a court may enter an *ex parte* attachment order if it finds a "reasonable likelihood" that the plaintiff will recover a judgment at least equal in amount to the value of the attached property and if there is a clear danger that the defendant will either destroy the property or make it unavailable to satisfy a judgment. *See* M.R.Civ.P.

1.  The name "Lewis" will be used herein to refer to Ralph E. Lewis, Jr., or his estate, represented by his widow Hope Lewis, as appropriate.

2.  This appeal involves no challenge to the amount of the attachments, but contests only Lewis's personal liability.

4A(f). The "reasonable likelihood" standard requires only that the plaintiff's claim "is not of such insubstantial character that its invalidity so clearly appears as to foreclose a reasonable possibility of recovery." *Northeast Inv. Co., Inc. v. Leisure Living Communities, Inc.*, 351 A.2d 845, 852 (Me. 1976). We review the trial court's action approving or continuing an attachment only for abuse of discretion. That abuse exists only where the record before the motion justice showed that the plaintiff had "virtually no chance of recovery" on his claim. *Herrick v. Theberge*, 474 A.2d 870, 874 (Me.1984).

■■■ The record before the court establishes the reasonable possibility that a full trial of the facts would establish that Lewis was personally liable on the claims of the Association. Although generally a beneficiary of a trust is not personally liable for the trust's obligations, personal liability may attach if the beneficiary exerts significant control over the administration of the trust, that is, if the beneficiary is a principal of the trust. *See* 3A A. Scott, *The Law of Trusts* § 274 (1988) (donative trusts); *Piff v. Berresheim*, 405 Ill. 617, 623, 92 N.E.2d 113 (1950) (business trusts). The court had before it affidavits stating that the beneficiaries of the Trust, including Lewis, exerted control to decide among themselves issues of management and organization, and more specifically that Lewis had primary responsibility for carrying out the Bay of Naples project. These documents raise the reasonable possibility that a full trial of the facts may well result in a verdict that Lewis's participation in the Trust was extensive enough to subject him to personal liability for the obligations of the Trust. Further, the court had sufficient basis in the documents before it to determine that the Association had a reasonable likelihood of success in proving at trial that Lewis as sole trustee had been personally responsible for the tort of misrepresentation and was subject to personal liability for the resulting damages. *See Restatement (Second) of Trusts* § 264 (1959); *see also* 18–A M.R.S.A. § 7–306(b) (1981) (limiting liability to those torts for which the trustee is personally at fault).

The boilerplate language in the declaration establishing the Trust that purported to relieve its trustee of any liability except that occasioned by his breach of trust is not sufficient to relieve Lewis of personal liability to third parties for his own tortious conduct. *See Restatement (Second) of Trusts* § 264, comment d.

The record amply supports the court's finding that the Association met the minimal requirements for an attachment to secure a potential judgment against Lewis personally.

The entry is:

Order denying dissolution of attachment affirmed.

All concurring.