FRANK T. HORGAN *vs.* WILLIAM H. MORGAN & others.

Suffolk.    March 11, 1919. — July 10, 1919.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Voluntary Association. Trust,* Voluntary association. *Partnership. Agency,* Existence of relation, Scope of authority.

In the shareholder's certificates issued by the voluntary association under a declaration of trust which, in *Frost* v. *Thompson,* 219 Mass. 360, was held to be a partnership and not a trust, no mention was made of by-laws, but reference was made to the declaration of trust. The declaration was recorded with various public registrars, and it and "by-laws" adopted by the trustees were on file in the office of the organization. An article of the declaration provided that "The Trustees shall have power to employ such attorneys, agents, clerks and a treasurer, and to fix the duties to be performed by them . . . as they may deem expedient." By a "by-law" the trustees gave the treasurer power in the name and behalf of the association to make, sign and indorse promissory notes. One elected as treasurer being obliged to be absent for considerable periods, the trus-

tees elected an acting treasurer and voted that he, "while in said capacity of Acting Treasurer, succeed to all the duties of the Treasurer as defined by the Declaration of Trust and By-Laws." Thereafter such acting treasurer, with the knowledge of the officers and some of the shareholders of the association, signed all contracts, notes, checks and other obligations of the association and indorsed all checks and notes, notes to the amount of between $200,000 and $300,000 thus having been signed and indorsed by him in a period of four and one half years, almost all of which had been paid. In an action against all the shareholders of the association upon some of such notes as were unpaid and were made and indorsed while the defendants were shareholders, the defendants denied the authority of the acting treasurer to sign and indorse for the association. *Held,* that the association and the individual shareholders were bound by the acts of the acting treasurer in signing and indorsing the notes in question and that a finding for the plaintiff was warranted.

CONTRACT, as amended, against forty-nine individuals, alleged to be doing business under the name and style of Buena Vista Fruit Company, upon twelve promissory notes dated, ten in January, one in February and one in May, 1915, in eleven of which the Buena Vista Fruit Company was named as payee and on the back of which the name of the payee was indorsed, and one of which purported to be signed by the Buena Vista Fruit Company. Writ dated April 6, 1915.

The action was referred to an auditor. Material facts found by him are described in the opinion. The action was heard by *Morton, J.,* without a jury, upon the notes and the auditor's report as evidence. The defendants asked the judge to rule as follows:

"1. On all the evidence the plaintiff is not entitled to recover.

"2. On all the evidence the plaintiff, if entitled to recover at all, can do so only against the original shareholders who now survive, viz., Carlton, Graves, Dunning and Thompson.

"3. The plaintiff, if entitled to recover at all, can do so only against the defendants, Carlton, Graves, Dunning and Thompson, who were the original shareholders, and the defendants, Hersey, Boyden, Litchfield and Taylor.

"4. None of the defendants are partners in the Buena Vista Fruit Company.

"5. If any partnership exists, it is only between the surviving original shareholders, viz., Hersey, Boyden, Litchfield and Taylor.

"6. None of the defendants, except the original shareholders, are bound by the by-laws later adopted by them, nor by the acts of the acting treasurer under and by virtue of said by-laws.

"7. The burden is on the plaintiff to prove that the defendants, even if they were partners, authorized the signing and indorsing of the notes in suit, and the evidence does not justify a finding to that effect.

"8. The plaintiff, if entitled to recover at all, can do so only upon the notes in which the Buena Vista Fruit Company is maker.

"9. There is no authority shown in Morris to indorse the notes in suit, so as to bind the individual defendants.

"10. If a partnership was created by the declaration of trust, so that the original five shareholders became partners, the mere fact of the remaining defendants purchasing shares of stock in said trust from time to time and receiving therefor certificates such as the one set forth in the auditor's report, did not create a partnership between them, and the original shareholders, in view of the finding of the auditor that it was not the intent of any of them to create such a partnership."

The judge refused so to rule and found as follows: "I find and rule that all of the defendants are partners and are bound by the by-laws and by the acts of Morris, as acting treasurer; that the notice of protest was sufficient and that each of the defendants is liable upon the notes." He found for the plaintiff for the full amount of the notes and interest, $5,456.83; and the defendants alleged exceptions.

*C. A. McDonough,* for the defendants.

*C. A. Warren,* for the plaintiff.

DE COURCY, J. The twelve promissory notes in suit were signed or indorsed "The Buena Vista Fruit Co. Frank E. Morris, Acting Treasurer." This company is a voluntary association under a declaration of trust, dated December 27, 1907; and the defendants are all the residents of Massachusetts who were shareholders when the obligations sued on were contracted. The company received the proceeds of the notes; and the plaintiff purchased them for value and before maturity.

It was decided in *Frost* v. *Thompson,* 219 Mass. 360, (which was a suit to recover on a promissory note of this same company,) that the Buena Vista Fruit Company is a partnership and not a trust. It is now contended, especially on behalf of forty-one of the defendants who were not either officers or original subscribers, that the authority of the treasurer or acting treasurer to sign or

indorse promissory notes in the name of the company arises out of the provisions of the by-laws only, and that they are not bound by those by-laws.

It is true that the certificates of shares, while referring to the declaration of trust, make no reference to the by-laws; but the former was filed in the office of the city clerk, and with the Secretary of State, and the originals or copies of both the declaration and by-laws have always been on file in the office of the organization. The declaration expressly provides in Article X that "The Trustees shall have power to employ such attorneys, agents, clerks and a treasurer, and to fix the duties to be performed by them . . . as they may deem expedient." Among the powers and duties they prescribed for the treasurer, by one of the "by-laws," was that of making, signing and indorsing promissory notes in the name and behalf of the company. Dunning, the treasurer, became assistant manager of the plantations in Cuba in January, 1911, and manager in 1913, and has been there a considerable part of the time. This rendered it necessary to have an acting treasurer in Boston, and Morris was duly elected as such in January, 1911, and was authorized to sign all notes and other obligations in the name of the company. The trustees further voted "That said Frank E. Morris, while in said capacity as Acting Treasurer, succeed to all the duties of the Treasurer as defined by the Declaration of Trust and By-Laws of the Company."

Since that time Morris is the person who has signed all contracts, notes, checks and other obligations of the company, and indorsed all checks and notes. The auditor finds that: "During the year from July 1, 1914, to July 1, 1915, Mr. Morris indorsed in this way for deposit from six to ten checks each week and drew twenty or twenty-five checks each week. All notes of the organization were signed or indorsed in the same way, and from January 30, 1911, to July 1, 1915, Mr. Morris as Acting Treasurer had signed and indorsed notes to the amount of two or three hundred thousand dollars. All these checks and notes, with the exception of the notes in suit, have been met by The Buena Vista Fruit Company, except in a few instances where funds were not available, and The Buena Vista Fruit Company has paid notes indorsed as are the notes in suit by Mr. Morris

as Acting Treasurer." The officers and some of the other share-holders knew that notes of the company had been signed or indorsed by the acting treasurer, and "an examination of the books would have disclosed the facts, and even casual attention to the affairs of the organization would have disclosed how its business was being carried on." These facts warrant a finding that the company was bound by the acts of the acting treasurer in signing and indorsing these promissory notes, not only by virtue of the express authority given to him under the declaration of trust and by-laws, but also by reason of his course of conduct carried on with the knowledge and implied assent of those managing the business of the company, who held him out to the public as having authority to sign and indorse notes in behalf of the company. *Merchants' National Bank of Gardner* v. *Citizens' Gas Light Co. of Quincy,* 159 Mass. 505. *Hartford* v. *Massachusetts Bowling Alleys, Inc.* 229 Mass. 30. *Produce Exchange Trust Co.* v. *Bieberbach,* 176 Mass. 577, 581, 582.

It may be that many of these defendants were misled by the appearance and language of the certificate of "non-assessable" "shares of stock" issued by the officers of the company, that they assumed that the company was a corporation, and did not fully realize that they were associating themselves as members of a partnership. But, as the auditor finds, "none of these defendants except the officers paid any attention whatever to the conduct of the business of the organization." They voluntarily adopted the partnership form of association; and their rights and obligations as shareholders are those defined by the established rules of law applicable to ordinary partnerships. *Williams* v. *Milton,* 215 Mass. 1. *Frost* v. *Thompson, supra. Priestley* v. *Treasurer & Receiver General,* 230 Mass. 452.

*Exceptions overruled.*