RICHARD J. NEVILLE *vs.* WILLIAM L. GIFFORD & another.
SAME *vs.* REAL ESTATE INVESTMENT ASSOCIATION.

Suffolk. March 21, 1922. — June 28, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Voluntary Association. Partnership.*

An instrument in writing called an "Agreement and Declaration of [a] Real Estate Investment Association," which contains provisions that shareholders may hold meetings, increase or diminish the number of trustees, remove any trustees except the original two, fill vacancies in the board, and modify or alter the trust, "except that no such modification or alteration shall affect the exemption of trustees, officers and shareholders from personal liability or affect the relative rights of holders of outstanding Preferred Common shares, or outstanding contracts and obligations," and that a majority in interest of the shareholders are authorized to terminate the trust at any time, prior to that limited for its duration, by liquidation or by conveyance of the property absolutely or under a new "Declaration of Trust," creates a partnership relation among the certificate holders as distinguished from a pure trust.

There were only two shareholders in a certain voluntary association of the character above described and they also were the only trustees. It was understood between them that one of them should take the active part in running the business and attending to its details, and that the other was not to give to the business any more of his time than he should feel inclined to give. The active shareholder and trustee made an oral agreement for services with a salesman who knew nothing of the contents of the "Agreement and Declaration." Later they made an agreement in writing, which was signed by the active trustee in the name of the association "by" him as trustee. The active trustee failed to insert in the plaintiff's contract a stipulation exempting the shareholders from personal liability and restricting contracting parties to the "Trust property" for payment, although the declaration provided for its insertion. In making the agreements, the active trustee's intention, not disclosed to the salesman, was not to bind himself or his associate personally. The salesman performed services of value to the association. Thereafter the active trustee secured a discharge in bankruptcy. In actions by the salesman against the two trustees and the association, it was *held,* that

(1) As the two shareholders voluntarily adopted the partnership form of association, their substantive obligations as shareholders were to be determined by the law applicable to ordinary partnerships;

(2) The provision in the "Agreement and Declaration" purporting to deprive the trustees of authority to enter into any contract binding the shareholders personally did not affect the rights of the plaintiff;

(3) The signature upon the contract in writing in the name of the association "by" the active trustee as trustee did not preclude the plaintiff from

maintaining the actions, although such signature would not bind the association if it were a trust;

(4) The legal effect of the contract in writing was not affected by the undisclosed intention of the active trustee not to bind himself or his co-trustee;

(5) Findings in favor of the active trustee by reason of his discharge in bankruptcy, and against his associate upon the contract in writing, were warranted.

TWO ACTIONS OF CONTRACT, the first against William L. Gifford and Albert E. Leon, and the second against "The Real Estate Investment Association, a voluntary association created by a declaration of trust." Writs dated February 23, 1918.

The declaration in the first action contained three counts. In the first count the plaintiff sought recovery under a contract in writing purporting to be made between him and "Albert E. Leon, as Trustee of The Real Estate Investment Association" and signed by the defendant as "The Real Estate Investment Association, by Albert E. Leon Trustee," relating to services to be performed by the plaintiff. The second count was upon an account annexed for $6,500 "for services and expenses in selling house lots and land in Worcester, between the dates of January 1, 1910, and January 1, 1911." The third count was for $600, being an amount "found due on accounting together." The declaration in the second action was in two counts, identical with the first two above described.

The actions were referred to an auditor, by whom they were heard together. The auditor found for the plaintiff against the defendant Gifford in the sum of $677.23 on the second count in the declaration in the first action, finding the fair value of the plaintiff's services to be $1,200 and making certain deductions for payments made to him. He found for the defendant Leon, by reason of his discharge in bankruptcy and for the defendants in the other counts, finding, however, that if the plaintiff was entitled to recover under the first count, he was entitled to recover $889.40. He found for the defendant in the second action. Other material findings of the auditor are described in the opinion.

The actions were heard in the Superior Court by *McLaughlin,* J., without a jury, solely upon the auditor's report. The judge "found that the facts were as found by the auditor, and, upon the facts as found, found for the defendant Leon in the action of Neville against Gifford and Leon by reason of his discharge in bank-

ruptcy, and found for the plaintiff in the action of Neville against Gifford, and for the defendant Real Estate Investment Association in the action against it" and reported the actions to this court for determination upon the following stipulation: "If, as matter of law, a finding was warranted against the defendant Gifford, then judgment is to be entered in accordance with my finding in the sum of $953 with interest thereon from the date of finding and judgment for the defendant Real Estate Investment Association in the action of Neville against it; if, as matter of law, a finding was not warranted against the defendant Gifford, but was warranted against the defendant Real Estate Investment Association, then judgment is to be entered for the defendant Gifford and for the plaintiff against the Real Estate Investment Association; if, as matter of law, a finding was not warranted against either the defendant Gifford or the defendant Real Estate Investment Association, then judgment to be entered for each of the defendants."

*J. L. Sheehan,* for the plaintiff.

*A. A. Schaefer,* for the defendants Gifford and the Real Estate Investment Association.

DE COURCY, J. The defendants Gifford and Leon purchased a large tract of land, situate at Worcester Highlands, intending to dispose of it in house lots. The title was conveyed to them as trustees under an "Agreement and Declaration of The Real Estate Investment Association." Gifford furnished the money, desiring to assist Leon; and these two were the only holders of shares in the association at the time of the transactions here considered. The plaintiff was employed in August, 1909, as local manager and superintendent of sales, the contract being reduced to writing later and dated January 1, 1910. These actions were brought to recover for Neville's services, and were first heard by an auditor. Subsequently a judge of the Superior Court found for the defendant in the case against the association. In the other action he found for the plaintiff as against Gifford; and in favor of Leon, by reason of his discharge in bankruptcy. The cases were reported to this court upon stipulations of the parties; one of which is that if, as matter of law, a finding was warranted against the defendant Gifford, then judgment is to be entered in accordance with the finding in the sum of

$953 with interest thereon from the date when made, and judgment for said association.

The "Agreement and Declaration of The Real Estate Investment Association" in our opinion creates a partnership relation among the certificate holders, as distinguished from a pure trust. It provides that shareholders may hold meetings, increase or diminish the number of trustees, remove any trustees except the original two, fill vacancies in the board, and modify or alter the trust, "except that no such modification or alteration shall affect the exemption of Trustees, officers and shareholders from personal liability or affect the relative rights of holders of outstanding Preferred Common shares, or outstanding contracts and obligations." A majority in interest of the shareholders are authorized to terminate the trust at any time, prior to that limited for its duration, by liquidation or by conveyance of the property absolutely or under a new "Declaration of Trust." The instrument was prepared by Leon, and its provisions are more or less conflicting. But, considered as a whole, it makes the property subject to the control of the certificate holders; and constitutes the trustees merely managing agents and not principals. *Williams* v. *Milton*, 215 Mass. 1. *Frost* v. *Thompson*, 219 Mass. 360, 365. *Priestley* v. *Treasurer & Receiver General*, 230 Mass. 452.

As the defendants Gifford and Leon voluntarily adopted the partnership form of association, their substantive obligations as shareholders are to be determined by the law applicable to ordinary partnerships. *Williams* v. *Boston*, 208 Mass. 497. *Horgan* v. *Morgan*, 233 Mass. 381. The written contract with the plaintiff was plainly within the scope of the partnership business; and Leon, who intended to make it in behalf of the association, had ample authority to bind his copartner thereby, — even apart from the power of attorney which Gifford gave him, dated June 22, 1909. It was understood between them that "Leon should take the active part in running the business and attending to its details, and that Gifford was not to give to the business any more of his time than he should feel inclined to give." Although Gifford knew that the plaintiff was acting as salesman of lots, he made no inquiries as to the terms of the employment. He seldom visited the property, left the active management of affairs to Leon, and took practically no part therein.

Assuming, without so deciding, that said "Agreement and Declaration" should be treated as articles defining the powers and duties of said partnership between the defendants Gifford and Leon, the only certificate holders, nevertheless the provision therein purporting to deprive the trustees of authority to enter into any contract binding the shareholders personally, does not affect the rights of the plaintiff. He knew nothing about the contents of the instrument, and had no notice of any limitation of Leon's authority to employ salesmen. *Phipps* v. *Little,* 213 Mass. 414. Leon failed to insert in the plaintiff's contract a stipulation exempting the shareholders from personal liability, and restricting contracting parties to the "Trust property" for payment, although the declaration provided for its insertion.

The fact that the contract was signed "The Real Estate Investment Association by Albert E. Leon Trustee" does not preclude the plaintiff, although such signature would not bind the association if it were a trust. *Carr* v. *Leahy,* 217 Mass. 438. See *Horgan* v. *Morgan, supra.*

Finally, the legal effect of the contract in question cannot be affected by the undisclosed intention of Leon not to bind himself or Gifford personally. *Bray* v. *Kettell,* 1 Allen, 80.

The finding of the trial judge against the defendant Gifford was warranted, as matter of law. The finding in favor of Leon was based upon his discharge in bankruptcy. In accordance with the terms of the report judgment is to be entered for the plaintiff against Gifford in the sum of $953, with interest thereon from the date of the finding (November 10, 1920); and for the defendant The Real Estate Investment Association.

*So ordered.*