THE FIRST NATIONAL BANK OF NEW BEDFORD *vs.* SIMEON CHARTIER & others.

Bristol.   October 25, 1937. — February 28, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Voluntary Association.   Partnership*, What constitutes, *Debts.   Trust*, What constitutes.

Provisions of the by-laws of an unincorporated "loan company" with transferable shares, in substance that its management should be in a board of directors, of which a trustee, required to hold title to certain property, handle its finances and execute its commercial paper, was a member, that the shareholders should elect the officers and board and might remove any one of them for cause, that a meeting of the shareholders must be called on written request of five of them and that the by-laws might be amended by them, left ultimate control of the company's affairs in the shareholders and made them not merely beneficiaries of a trust, but partners, with the board and the trustee as their agents, although the by-laws also provided that "no member shall be individually liable for debts."

Evidence warranted a finding of liability of members of an unincorporated loan company as partners upon a note of the company executed by a trustee, containing no provision that the holder must look only to the property of the company for payment and payable to one who might have been found to have had no notice or knowledge as to a by-law provision limiting their liability.

BILL IN EQUITY, filed in the Superior Court on March 8, 1934.

Jury issues were framed and were tried before *Brogna, J.*

*F. Abramson*, for the plaintiff.

*J. F. Francis*, for the defendant Lavertu and others.

*A. Auger*, for the defendant Collette and others, submitted a brief.

*C. F. Archambault,* for the defendant Marianne Chase and others, submitted a brief.

DONAHUE, J. The plaintiff is the holder of a promissory note dated February 7, 1927, which reads as follows: "On demand with interest after date Textile Loan Co. promise to pay to the order of the FIRST NATIONAL BANK of New Bedford, Thirty-five thousand Dollars. At said Bank. Value received." It is signed: "Textile Loan Co. By LOUIS JEAN — Trustee."

The plaintiff has brought a bill in equity which in its amended form names fifty-seven individuals as defendants. It alleges that they are "copartners in a voluntary association under a written instrument or declaration of trust adopted on or about January 25, 1924, as amended from time to time, and that said partnership has engaged in the business of lending money at interest since said date under the firm name and style of Textile Loan Company"; that the defendants by their duly authorized agent and in the prosecution of the partnership business made a promissory note, a copy of which is above set out; that payments on account of the principal sum thereof totaling $11,000 have been made and that the defendants owe the balance of the principal sum with interest. The bill further alleges that the defendants, as partners, are the beneficial owners of ten promissory notes, secured by mortgages of real estate standing in the name of the defendant Balthazar as trustee for the Textile Loan Company, under the terms of the declaration of trust above mentioned, and also three parcels of real estate standing in his name as such trustee.

By the bill the plaintiff seeks to establish the balance due on the note held by it, with interest, as a debt of each defendant, and to reach and apply to such debt the property, above described as held in the name of the defendant Balthazar as trustee. All the defendants were members of the Textile Loan Company when the note in suit was executed. The defendants included in their answers a denial that a partnership relation existed between them, as asserted in the bill.

Upon the motion of one of the defendants two issues

were framed and tried before a jury. The first issue was, "What is the amount due to the plaintiff on the note dated February 7, 1927, signed 'Textile Loan Company by Louis · Jean, Trustee'?" and the second issue was, "What defendants, if any, are liable for said amount?" Without objection, an interlocutory decree was entered dismissing the bill as to the defendants Seraphine Mathieu, Josephine Varrieur and George Levesque upon whom no service had been made, and as to the defendant Richard Remillard who was found not to be a shareholder in the Textile Loan Company.

At the close of the plaintiff's evidence all the defendants remaining in the case joined in a motion that the judge direct the jury to return as their answer on the second issue, "None of the defendants are liable." The motion stated as its "grounds that the plaintiff has not shown any authority on the part of Louis Jean to execute the note in suit in such a manner as to make any of the defendants personally liable to the plaintiff in this action and has not shown ratification of such execution by any of the defendants." The judge allowed the motion and directed the jury to answer the second issue "None," that is, in effect, that none of the defendants was liable. The judge also directed the jury to return, in answer to the first issue, "$20,856.18," that being the amount agreed upon by the parties. The jury returned the answers as directed. The plaintiff excepted to the allowance of the motion and to the direction of the judge that the answer "None" be returned on the second issue.

The Textile Loan Company was organized on or about January 25, 1924. It adopted by-laws, some of which are summarized at this point and some will be referred to later. The purpose of the company was stated to be the lending of money on real estate mortgages. It was provided in the by-laws: "The capital stock of the Company shall be One Hundred and Fifty Thousand Dollars, divided into three hundred shares, of the par value of five hundred dollars, payable in weekly payments of $2.00 . . . until such weekly payments together with the net earnings shall

amount to said par value of five hundred" dollars. When a member had fully paid for a share he was entitled to a certificate for such share. The shares were transferable and the by-laws provided that shares should "descend in case of death, according to the laws of the Commonwealth the same as any other personal property which the deceased may leave."

The by-laws further provided: "The Board of Directors shall have all the powers similar to that vested in a Board of Directors of a business corporation, and as a Board or by Committees, shall have, in the management of the affairs of the Company and are hereby invested with all the power which the Company itself possesses, not incompatible with the provisions of these By-Laws." The trustee was given, under the by-laws, custody of the money and all instruments or papers of the company, was required to collect all money due the company and to disburse the same "pursuant to the contracts and obligations of the stockholders." He was required to hold the title of the property of the company in his own name as trustee, and all conveyances and mortgages of real estate made for the benefit of the company must be in his name as trustee for the company, and he was given the right and power to make conveyance of real estate of the company free and discharged of all trusts. He was given the power to defend suits brought against the company and to prosecute actions in his own name as trustee for the company. He was given the exclusive right to make, sign and indorse promissory notes and other instruments in the regular course of the company's business, to determine the rate of interest on loans and "to perform such other duties as the directors may from time to time require." The by-laws provided: "Under the direction of the Board of Directors he [the trustee] may borrow money from time to time up to any amount, not exceeding in the aggregate an amount equal to the amount paid in dues by the members."

The plaintiff bank made a series of loans to the Textile Loan Company, on notes payable on demand, as follows: May 21, 1925, $10,000; October 22, 1925, $5,000; Decem-

ber 21, 1925, $5,000; March 20, 1926, $6,000; July 23, 1926, $5,000. On February 7, 1927, the company borrowed a further sum of $4,000. Nothing had been paid on the principal sums of the earlier notes which then aggregated $31,000. The earlier notes were surrendered by the bank and the company gave a new demand note in the sum of $35,000, which represented the total amount of the loans which had been made.

All the amounts that had been borrowed by the company were credited to the checking account of the company at the plaintiff bank, and all the notes given were signed "Textile Loan Company, Louis Jean, Trustee." The parties agreed at the trial "that the Board of Directors of the Textile Loan Company knew of the various loans made to the Textile Loan Company from time to time, that the loans made by the plaintiff were included in the financial statements of the trustee which were read to and considered by the Board of Directors at its meetings, and that the Board of Directors knew of each loan made by the plaintiff to the Loan Company, sometime after each loan was made." Louis Jean was trustee during the period in which all the loans were made by the plaintiff. The defendant Balthazar was trustee at the time the bill in equity was brought.

1. In order to pass upon the question of liability of the defendants upon the note given to the plaintiff, it is necessary to determine whether the relationship of the parties defendant was one of partnership, as the plaintiff contends, or whether they were merely beneficiaries under a trust, as some of the defendants suggest. As there was no formal trust deed or agreement of copartnership, their relationship must be determined from the by-laws adopted, a copy of which was introduced in evidence by the plaintiff. If, under the by-laws, the ultimate control of the affairs of the company was in the shareholders, and not in the directors or trustee, the relationship created was in the nature of a partnership, and not a trust. *Frost* v. *Thompson*, 219 Mass. 360, 365–366. *Williams* v. *Milton*, 215 Mass. 1, 8. Williston, Contracts, § 313A.

The by-laws of the Textile Loan Company contain pro-

visions which in other similar cases have been held to indi-
cate control in the shareholders over the affairs of such a
company. In the present case the by-laws required that
the officers and directors be elected by the shareholders
annually for the term of one year.* The shareholders had
the right, for cause, to remove any officer and to expel any
member, and to fill a vacancy occurring in any office.
*Priestley* v. *Treasurer & Receiver General*, 230 Mass. 452,
455. *Howe* v. *Chmielinski*, 237 Mass. 532, 535. *Neville* v.
*Gifford*, 242 Mass. 124, 127. An annual meeting of the
shareholders was required and a special meeting must be
called on the written request of five shareholders. *Flint* v.
*Codman*, 247 Mass. 463, 469. *Neville* v. *Gifford*, 242 Mass.
124, 127. *Priestley* v. *Treasurer & Receiver General*, 230
Mass. 452, 455. See *Williams* v. *Milton*, 215 Mass. 1, 10.
The by-laws contained the provision that "These By-Laws
may be altered, amended or repealed at any annual or
special meeting of the stockholders duly called by the af-
firmative vote of two-thirds of the stockholders present,
and voting thereon," if the proposed change was stated
in the call for the meeting and the amendment had been
recommended by a vote of the board of directors. *Frost* v.
*Thompson*, 219 Mass. 360, 366.

We think that under our decisions above cited the agree-
ment of the parties as expressed in the by-laws, viewed as
a whole, constituted the directors and the trustee agents
of the company, but left in the shareholders the ultimate
power of control of its affairs with the result that the rela-
tionship of partnership and not that of a trust was created.
A provision in the by-laws that "no member shall be in-
dividually liable for debts" was not in itself sufficient to
make the association a trust. *Williams* v. *Boston*, 208
Mass. 497, 500–501.

2. As the defendant members of the Textile Loan Com-
pany voluntarily adopted a form of agreement of associa-
tion which created a partnership, their obligations as share-
holders for the debts of the company must be determined

---

* Under the by-laws, the trustee was a member of the board of directors
and was one of the officers so elected. — REPORTER.

by the rules of law applicable to ordinary partnerships. *Horgan* v. *Morgan*, 233 Mass. 381, 385, and cases cited. *Neville* v. *Gifford*, 242 Mass. 124, 127. By reason of the partnership relation which the shareholders created they became liable to all creditors of the company who did not expressly or impliedly contract to look only to the funds or property of the company for the payment of their debts. *McCarthy* v. *Parker*, 243 Mass. 465, 467. *Alfred J. Silberstein Inc.* v. *Nash*, 298 Mass. 170, and cases cited.

The note of the company that is held by the plaintiff does not express a contract that the holder must look only to the funds or property of the company for its payment.

The evidence as to circumstances attendant on the making of the note in suit and the five earlier notes is scanty. The plaintiff called three witnesses and at the close of their testimony the judge, on motion of the defendants, in effect ordered the jury to find that none of the defendants was liable. One of the witnesses was the defendant Balthazar who was trustee of the company when the suit was brought, but not when the notes were made. He testified as to the contents of books and records of the company. A former bookkeeper of the company also testified as to the contents of its books. A vice-president of the bank, who at the time the notes were given was employed by it in a subordinate capacity, testified as to certain papers, books and records of the bank. He testified that at some time, just when did not appear, the trustee delivered to the bank a certified copy of a vote passed by the directors of the Textile Loan Company on March 17, 1925, to the effect that the trustee, Jean, "be authorized to borrow, from time to time" from the plaintiff "any amount not exceeding fifty per cent . . . of the capital stock of the Company and upon such term as he may deem proper."

The plaintiff introduced in evidence a certified copy of the by-laws of the company as recorded in the registry of deeds on March 18, 1924. There was no evidence indicating when this copy came into possession of the bank and nothing to show when the bank first learned that the by-laws contained the words "no member shall be individu-

ally liable for debts." So far as appears that event may have occurred after this suit was brought.

On the facts that the record presents it cannot be said as matter of law that, when the note in question was made, the bank had knowledge of any limitation on the liability of the members under the agreement creating the partnership, or that there was an implied contract that the bank would look only to the funds or property of the company for the payment of its note.

Therefore the direction of the judge that the jury answer the second issue to the effect that none of the defendants was liable was error, and the plaintiff's exception thereto must be sustained.

*So ordered.*