**In re MEDALLION REALTY TRUST, Debtor.**

**Bankruptcy Appeal No. 89-40143-MA.**

United States District Court, D. Massachusetts.

March 21, 1990.

Neal E. Satran, Nina M. Parker, Satran & Marino, Boston, Mass., for debtor.

Deborah S. Griffin, Peabody & Arnold, Boston, Mass., for Bank of New England.

## MEMORANDUM AND ORDER

MAZZONE, District Judge.

This case comes before me on cross appeals from a final order issued by the Bankruptcy Court. 28 U.S.C. § 158; Bankruptcy Rule 8001(a). The procedural history leading up to these appeals is not in dispute. In March, 1989, the Debtor, Medallion Realty Trust ("Debtor"), filed a petition for bankruptcy pursuant to 11 U.S.C. § 301. Shortly thereafter, the First Service Bank for Savings (the "Bank"), one of the Debtor's most significant creditors, filed a motion seeking to dismiss the petition on the grounds that the Debtor was not eligible for relief under the bankruptcy laws.[1] In July, 1989, the Bankruptcy Court, per Judge Queenan, denied the Bank's motion. *In re Medallion Realty Trust,* 103 B.R. 8 (Bkrtcy.D.Mass.1989) (*Medallion I*).

In its ruling, the Bankruptcy Court held that the Debtor was a partnership under Massachusetts law. It required the members of the Debtor to file with the court a statement of their personal liabilities and assets. *Id.* at 14. Following the issuance of this order, Michael R. Little, a trustee and beneficiary of the Debtor, was permitted to intervene in the action in his individual capacity; he sought to vacate the court's order. In September, 1989, the court denied Little's motion and reaffirmed its original order. *In Re Medallion Realty Trust,* slip op. (Bankruptcy Court September 29, 1989) (*Medallion II*). These appeals followed.

As will be explained more fully below, Little appeals the decision that the Debtor is a partnership. He contends that it is a "business trust" which shields its beneficiaries from personal liability. The Bank appeals the initial finding that the Debtor is entitled to Chapter 11 relief. In the

---

1. Almost immediately after this suit was initiated, the Bank went into receivership. The Federal Deposit Insurance Corporation is continuing the suit in the Bank's name.

alternative, however, it contends that if the Debtor is eligible for such relief, the Bankruptcy Court correctly ruled that the Debtor is a partnership. The ultimate issue presented by these appeals, therefore, is whether the Bankruptcy Court correctly decided that the Debtor is not a business trust but is, actually, a partnership. Only a conclusion that the court was in error will require me to consider the Bank's grounds for appeal.

Although the facts of this case are set forth more thoroughly in *Medallion I, supra,* a brief overview will be helpful for a better understanding of the appeals. Medallion Realty Trust was formed in 1984 by Little and Alan M. Belanger. The purpose of the entity was to purchase house lots for the installation and sale of modular homes. Little provided financial capital while Belanger contributed expertise in real estate matters. Concerned about his potential personal liability for the actions and debts of the entity, Little decided, upon advice from counsel, to structure the business in trust form.[2]

As part of the trust creation, the Debtor issued a declaration of trust which, among other things, outlined the duties and powers of the trustees as well as provided guidance for the operation of the trust. Specifically, the trustees' duties included holding the principal and immediately paying over income or any other monies received on account of the trust. The powers of the trustees were quite limited. "The Trustees shall have no power to deal in or with the Trust Estate except as directed by the beneficiaries...." The trust could be terminated only with the approval of 100% of the beneficial interest. Succeeding or additional trustees could be appointed and removed by 51% of the beneficial interest holders. The same rule applied for amending the trust declaration. The existing

holders of the beneficial interests had the right of first refusal for any transfer of an interest in the trust. Finally, the trustees were not to be held personally liable for errors of judgment or losses, etc., and any third party dealing with the trustees had to look to the estate for satisfaction of any claim which such person might have had against the trust. Little obtained 51% of the interest, Belanger 49%. Apparently, Little was the sole trustee.

After initially determining that the Debtor was eligible for relief under Chapter 11, *Medallion I,* 103 B.R. at 9–11, the Bankruptcy Court turned to an examination of whether the Debtor was a trust or a partnership. The court first decided that the structure of the Debtor was such that the trustees were, in fact, agents of the beneficiaries.

> A person may be both agent of and trustee for another. If he undertakes to act on behalf of the other and subject to his control he is an agent; but if he is vested with the title to property that he holds for his principle, he is also a trustee. In such a case, however, it is the agency relation that predominates and the principles of agency, rather than the principles of trust, are applicable.

*Medallion I,* 103 B.R. at 12 (quoting 1 A. Scott and W. Fratcher, *The Law of Trusts* § 8 (4th ed. 1987)).

The agency relationship in the instant case arose from the fact that the trustees were prohibited from taking any action without direction from a majority of the beneficial interests. Additionally, all income was required to be paid over immediately. "This so-called 'trust' is a creature of the beneficiaries and a mere conduit for their income." *Medallion I, supra,* at 12. Consequently, the Debtor was not a trust.

---

2. A word about terminology: The Bankruptcy Court referred to the Debtor as a "nominee trust." *Medallion I,* at 9 (citing *Apahouser Lock & Security Corp. v. Carvelli,* 26 Mass.App.Ct. 385, 528 N.E.2d 133 (1988) and R. Birnbaum & J. Monahan, *The Nominee Trust in Massachusetts Real Estate Practice,* 60 Mass. L.Q. 364 (1976)). Little calls the Debtor a "business trust;" such trusts are formed pursuant to Mass.

Gen.Laws c. 182 §§ 1 *et seq.* Since the Debtor did not issue certificates of interest as c. 182 requires, it is unclear whether it is, in fact, a "business trust." However, it did issue and register a trust declaration in accordance with c. 182 § 2. To that extent, therefore, it is a trust. Obviously, the most important issue is whether the Debtor was a trust in legal effect, irrespective its name.

The court rested its conclusion that the Debtor was a partnership on its construction of Mass.Gen.Laws c. 108A, the Massachusetts Partnership Act. The court placed great emphasis on the fact that Little and Belanger agreed to share their profits. *Id.* at 12. "A party's receipt of a share of the profits is *prima facie* evidence that he is a partner," unless circumstances not present here exist. *Id.* at 12 (citing c. 108A § 7). That agreement can be found in the trust declaration. It did not matter that Little and Belanger took the income received by the trust in the form of wages. *Id.* at 12. Nor did it matter that an express agreement for sharing losses was not expressly made. *Id.* at 13.

The court disregarded the fact that Little and Belanger did not intend to form a partnership.

> They may not have considered themselves partners. They may have had in mind only ownership in a trust whose written declaration purports to prevent personal liability. The only necessary intention, however, is an intent to do those things which constitute a partnership. The law fixes the legal consequences which flow from the conduct of the parties.

*Medallion I,* 103 B.R. at 13 (citations omitted).

The court expressly disavowed reliance on early decisions by the Supreme Judicial Court of Massachusetts which hold that a business trust "is actually a partnership due to the control over its affairs held by its beneficiaries," believing that these cases had lost their authority. *Id.* at 13–14. It later amended that statement in its order of September 29, concluding that those decisions "should not be presumed to lack present vitality in rendering a so called 'trust' a partnership if the issue arises in the context of the relationship of the beneficiaries to third persons." *Medallion II, supra,* at 3.

On appeal, the Bank directs most of its effort to its argument that the Bankruptcy Court erred in ruling that the Debtor was eligible for Chapter 11 protection. It essentially repeats and articulates more fully the court's rationale for finding the Debtor a partnership.

Little, on the other hand, argues vigorously that Massachusetts law supports his position that the Debtor was a business trust and not a partnership. He relies almost exclusively on *State Street Trust Co. v. Hall,* 311 Mass. 299, 41 N.E.2d 30 (1942), claiming in that case a nearly identical business association was found to be a trust. Little also contends that because he and Belanger neither intended to create a partnership nor operated the Debtor as such, Massachusetts law will not impute the existence of one.

Because the determination that the Debtor was a partnership is a conclusion of law,[3] review of that decision must be conducted *de novo. In re Navigation Technology Corp.,* 880 F.2d 1491, 1493 (1st Cir. 1989). This review necessarily requires an analysis of not only *State Street Trust* but also the case law that preceded and followed it.

In the earlier part of this century, particularly during the teens and twenties, the Supreme Judicial Court rendered a number of decisions which involved determinations of whether a business association was a trust or a partnership. One typical case was *Frost v. Thompson,* 219 Mass. 360, 106 N.E. 1009 (1914). Here the plaintiff sought to recover money owed on a promissory note from the defendants individually, all of whom were members of a business trust whose trust declaration shielded beneficiaries from personal liability. In the

---

**3.** I base this judgment on the fact that the Bankruptcy Court arrived at its conclusions primarily through an interpretation of both the trust declaration and Mass.Gen.Laws c. 108A. Additionally, I do not perceive a dispute over any factual issue in this case. *See APC Operating Partnership v. Mackey,* 841 F.2d 1031, 1033 (10th Cir.1988) (ordinarily, the construction of a con- tract is a question of law for the court); *Carrigg v. Cordeiro,* 26 Mass.App.Ct. 611, 613, 530 N.E.2d 809, 811 (1988). *See also Truck Drivers Local 807 v. Carey Transportation, Inc.,* 816 F.2d 82, 88 (2nd Cir.1987) (bankruptcy court's interpretation of a statute is a conclusion of law subject to plenary review).

course of examining the nature of the entity the court stated:

A declaration of trust or other instrument providing for the holding of property by trustees for the benefit of [the beneficiaries] may create a trust or it may create a partnership. Whether it is the one or the other depends upon the way in which the trustees are to conduct the affairs committed to their charge. If they act as principals and are free from the control of the [beneficiaries], a trust is created; but if they are subject to the control of the [beneficiaries] it is a partnership.

*Id.* at 365, 106 N.E. at 1010.

The court determined that the business was a partnership. It focused on the fact that beneficiaries representing two-thirds of the beneficial interest had the power to remove trustees at any time without cause; they could terminate the trust at any time; a majority of the beneficiaries could amend both the trust declaration and the by-laws of the organization. "These provisions demonstrate that this association is a partnership and not a trust." *Id.* at 365–66, 106 N.E. at 1010.

A similar theme was sounded in *Neville v. Gifford,* 242 Mass. 124, 136 N.E. 160 (1922) where the court found that a business trust set up to sell housing lots was a partnership because the beneficiaries were allowed to hold meetings, increase or decrease the number of trustees and modify or terminate the trust itself. "[C]onsidered as a whole [the trust declaration] makes the property subject to the control of the [beneficiaries]; and constitutes the trustees merely managing agents and not principals." *Id.* at 127, 136 N.E. at 162. It should be noted that the court reached similar results when the plaintiff was the government seeking to collect taxes and not simply a creditor. *Williams v. Town of Milton,* 215 Mass. 1, 102 N.E. 355 (1913).

The principles underlying the cases cited above were reaffirmed in a case decided shortly before *State Street Trust, First National Bank of New Bedford v. Chartier,* 305 Mass. 316, 25 N.E.2d 733 (1940). Here the plaintiff sued defendants to recover on a promissory note. The defendants had promulgated neither a trust declaration nor a partnership agreement. The court, therefore, was forced to infer the type of entity it was from the by-laws. "If, under the by-laws, the ultimate control of the affairs of the company was in the shareholders, and not in the directors or the trustee, the relationship created was in the nature of a partnership and not a trust." *Id.* at 320, 25 N.E.2d at 736.

The by-laws required that the board of directors, including the trustees, be elected by the beneficial interests annually. Those interests had the right to remove officers and fill vacancies as they saw fit. Finally, the by-laws could be altered or repealed at any time by a vote of two-thirds of the beneficiaries present at a meeting called for that purpose. *Id.* at 321, 25 N.E.2d at 736.

We think that under our decisions ... the agreement of the parties as expressed in the by-laws, viewed as a whole, constituted the directors and the trustee agents of the company, but left in the shareholders the ultimate power of control of its affairs with the result that the relationship of partnership and not that of a trust was created. A provision in the by-laws that 'no member shall be individually liable for debts' was not in itself sufficient to make the association a trust.

*Id.* at 321, 25 N.E.2d at 736.

I believe that the primary lesson that emerges from these cases is that the more power the beneficial interests have and exercise over the affairs of a business association, the more likely it is that association is a partnership, particularly, although not exclusively, when the plaintiff is a third party such as a creditor or tax collector. The specific powers the court has indicated are significant include the ability to call meetings, appoint and remove trustees, amend or terminate the trust, and otherwise direct the operation of the business. With the foregoing in mind, I now turn to an analysis of *State Street Trust Co. v. Hall,* 311 Mass. 299, 41 N.E.2d 30 (1942).

The plaintiffs in *State Street Trust* were the holders of certificates of shares in the Shearer Realty Trust. They sought to obtain an accounting and distribution of the trust property; in short, they sought to dissolve the trust. They claimed that they were entitled to do so because the trust was in legal effect a partnership under both the common law and the Massachusetts Partnership Act. By the terms of the trust declaration the trustees held title to the trust property. There were seventy-two hundred shares, each representing $100 paid in. The sole interest of the shareholder was the obligation of the trustees to hold, manage and dispose of the property and to account for its income and proceeds.

The trustees were empowered to liquidate the trust at any time in their discretion. They were to wind up the trust whenever directed to do so by a vote representing three-quarters of the shareholders. The death of a shareholder did not require termination of the trust or the beneficial interest. The shareholders could require trustees to call meetings. Moreover, shareholders could instruct, remove and replace the trustees and could amend the trust declaration. "The trustees are subject to the direction and control of the shareholders." *Id.* at 300–301, 41 N.E.2d at 32.

The court acknowledged that, in the past, business entities with these attributes had often been considered partnerships, citing many of the cases mentioned above. *Id.* at 301, 41 N.E.2d at 32. It nevertheless concluded that this arrangement was not a partnership. It first noted that partnerships have memberships limited to those selected by mutual consent. In this entity, membership "depended entirely upon the ownership of the shares rather than on the choice of associates." *Id.* at 302, 41 N.E.2d at 33. It then observed that partnerships dissolve when a partner dies or leaves, whereas in this entity the beneficiary interest of a certificate holder is passed on to personal representatives and assigns and the entity continues to function without interruption. *Id.* at 302, 41 N.E.2d at 33.

The court further stated that the entity actually resembled a corporation more than a partnership, focusing particularly on who held title to property, the centralized management structure of each, the continued existence of the entity despite the departure of shareholders, the ease with which beneficial interests are transferred and the limitation of personal liability of shareholders in each organization. *Id.* at 302–303, 41 N.E.2d at 33. It emphasized as well the fact that the entity was taxed as a corporation. It noted

> [t]he plaintiffs do not contend that this trust cannot be considered as a corporation for the imposition of ... Federal taxes. The plaintiffs doing business under a declaration of trust in partnership form cannot insist that the nature of their organization be determined apart from the instrument of trust by which it was created and maintained.

*Id.* at 303, 41 N.E.2d at 33.

The court next examined the rights of shareholders in business trusts, ultimately concluding that such shareholders did not have the right at common law to obtain a termination of the trust and a distribution of the property. Nor did the trust declaration give them such a right. *Id.* at 304–308, 41 N.E.2d at 34–36. Responding to plaintiffs' contention that *Chartier, supra,* among other cases, held that "the rights and obligations of the shareholders were to be determined by the 'rules of law applicable to ordinary partnerships,'" *State Street Trust,* 311 Mass. at 308, 41 N.E.2d at 36 (citations omitted), the court stated:

> These statements were made in proceedings brought by creditors.... The question calling for decision in this case was not presented in ... the cases cited, and the words quoted, which appear in those ... decisions, cannot be wrested from their context and extended to the determination of an issue entirely different from that which the court had in mind in rendering those decisions.

*Id.* at 308, 41 N.E.2d at 36 (citations omitted).

Plaintiffs also asserted that the trust qualified as a partnership under Mass.Gen.

Laws c. 108A, the Massachusetts Partnership Act. The court rejected this claim, stating

[i]t would require clear and apt language in this act to manifest a legislative intent that the rights of shareholders between themselves, in a business trust in the partnership form, should be so strongly emphasized to be that of partners as to preclude any consideration of settled principles of trust and property law which have been deemed pertinent in ascertaining the rights of a beneficiary under an express trust, especially upon his right to terminate the trust.

*Id.* at 309, 41 N.E.2d at 36.

After detailing some of the provisions of c. 108A, the court demonstrated how the trust here differed from the business trust in partnership form. Specifically, it stated that the Act did not refer in any way to partnerships with transferable shares nor did it attempt to regulate the privileges and obligations of the shareholders. *Id.* at 310, 41 N.E.2d at 37. The court then explained

the act establishes such a relationship between a partner and the partnership in the management, property and duration of a firm that a trust with transferable shares could not function if such relationships were to be observed. No further comparison of the declaration of trust with the act is required to show that the organization created by the former is so different and distinct from an organization such as is described and regulated by the latter, that it is impossible to construe the act so as to include a business trust in the partnership form. This type of trust does not come within the act.

*Id.* at 310–311, 41 N.E.2d at 37.

*State Street Trust,* then, seems to focus on the existence of easily transferable shares and a continuous business identity as indications of a business trust as opposed to the earlier cases which concentrated on the degree of control holders of beneficial interests maintained vis-a-vis the trustees. The court concluded that such an organization was not a partnership as a matter of common law and was beyond the scope of the Massachusetts Partnership Act. In my judgment however, the court's conclusions do not apply to the Debtor's situation since there are significant grounds to distinguish the two cases.

I am most persuaded by the court's statement that the case was different from *Chartier, et al.,* because they were "proceedings brought by creditors." *State Street Trust,* 311 Mass. at 308, 41 N.E.2d at 36. I believe that "the question calling for a decision in this case," *Id.* at 308, 41 N.E.2d at 36, was whether a shareholder in a realty trust could bring an action to dissolve the trust on the grounds that the trust was actually a partnership subject to dissolution when members departed. In other words, *State Street Trust* only applied in situations where the parties were members of the same business association. Indeed, the court nearly said as much when it held that the Partnership Act did not apply to the realty trust because it was not sufficiently clear that "the rights of shareholders *between themselves*" were to be affected by the Act. *Id.* at 309, 41 N.E.2d at 36 (emphasis added). I do not believe this case was designed to reformulate the law of business trusts as they relate to creditors.

In my judgment, this conclusion is supported by looking at the court's statement early in the opinion that businesses like Shearer Realty Trust have been regarded as partnerships for many purposes. The court made no attempt to invalidate or overrule the decisions which have so held. *Id.* at 301, 41 N.E.2d at 32. I believe the force of the earlier decisions as they apply to suits brought by third parties was preserved. This approach has the effect of harmonizing the earlier cases with *State Street Trust.* Any other approach necessitates finding that *State Street Trust* overruled the earlier cases, something it seems clear the court did not do.

Subsequent case law provides further support. In a case decided only a few years after *State Street Trust,* the court determined that a business trust being sued for collection of taxes was a trust and not a partnership based on an evaluation of

the amount of power over trust affairs the trustees had vis-a-vis the beneficial interests. *Commissioner of Corporations and Taxation v. City of Springfield,* 321 Mass. 31, 39–40, 71 N.E.2d 593, 598 (1947). The court made no reference whatsoever to *State Street Trust,* a fact made more significant, perhaps, because both opinions were authored by Justice Ronan. Moreover, no court has construed *State Street Trust* as Little seeks to have it construed.

■ However, even if *State Street Trust* did effect a change in the applicable law, I do not believe the Debtor falls within the ambit of that law, although I admit that it is a close question. As stated previously, the court emphasized that easily transferable shares and a continuous identity were hallmarks of a business trust. In the Debtor's case, while provision was made for a continuous identity, no shares were issued. More importantly, there is a restriction on transfer. Specifically, existing shareholders are provided a right of first refusal before a beneficial interest may be transferred. Additionally, the powers of the shareholders of the Debtor are greater than those in Shearer Realty Trust were. In the latter, the trustees were given discretion to liquidate the trust and could act on their own subject to the instructions of the shareholders. According to the trust declaration, trustees of the Debtor have no authority to take any action without prior approval from the shareholders. The differences between the two are not particularly great in reality; nevertheless, they are sufficient to warrant a conclusion that the Debtor is not enough like the Shearer Realty Trust to be considered a business trust beyond the scope of the common law and the partnership statute. Accordingly, I find that the Medallion Realty Trust is not a business trust.

Having determined that the Bankruptcy Court was correct in finding that the Debtor was not a business trust, it is now necessary to establish precisely what it is. The dispute in this case, of course, is whether the Debtor was a partnership or not. Mass.Gen.Laws c. 108A § 6 defines a partnership as:

(1) [A]n association of two or more persons to carry on as co-owners a business for profit.

(2) But any association formed under any other statute of this state, or any statute adopted by authority, other than the authority of this state, is not a partnership under this chapter, unless such association would have been a partnership in this state prior to January First, nineteen hundred and twenty three; but this chapter shall apply to limited partnerships except in so far as the statutes relating to such partnerships are inconsistent herewith.

I have included subsection (2) because I believe it is relevant to the instant case. Little claims the Debtor was a business trust; presumably, then, he and Belanger formed it pursuant to another statute, probably Mass.Gen.Laws c. 182, although the record does not so state. Thus, in order for the Debtor to be a partnership, it must not only satisfy the criteria of Mass. Gen.Laws c. 108A, it must also have been a partnership under Massachusetts law prior to 1923, the year Massachusetts adopted the Uniform Partnership Act. *See* 1 A. Bromberg & L. Ribstein, *Partnership* § 2.01 (perm. ed. 1988).

As a general matter,

[a] partnership is an association of two or more persons to carry on as co-owners a business for profit. There must be a voluntary contract of association for the purpose of sharing the profits and losses as such which may arise from the use of capital, labor or skill in a common enterprise and an intention on the part of the principals to form a partnership for that purpose.

5A *Massachusetts Practice* § 1102 (R. Rodman 3rd ed. 1981).

In my judgment, the Bankruptcy Court correctly found that a partnership existed. The thorniest element of this conclusion is the question of intent. It is abundantly clear that Little and Belanger did not intend to form a partnership; indeed, they selected the business trust vehicle to avoid the risk of personal liability that accompanies partnership. However, I believe that

under Mássachusetts law the intent of the principals becomes less dispositive when the rights of third parties are involved. *Bartels v. Director of the Division of Employment Security*, 326 Mass. 1, 5, 92 N.E.2d 370, 372 (1950); *see also Rosenblum v. Springfield Produce Brokerage Co.*, 243 Mass. 111, 116, 137 N.E. 357, 360 (1922). As a result, the existence of the other relevant factors—co-ownership, an agreement for profit and loss sharing, carrying on a business rather than engaging in a single transaction—indicate that the Debtor was a partnership under Mass. Gen.Laws c. 108A.[4]

After reviewing the relevant cases, I believe it is clear the Debtor would have been deemed a partnership under Massachusetts law prior to 1923, primarily because of the control the shareholders exercise over the trustees. *See Frost v. Thompson, supra, et al.* Thus, the dictates of c. 108A § 6(2) have been satisfied.

Accordingly, I conclude that the Medallion Realty Trust is not a business trust but is, instead, a partnership under Massachusetts law. The appeal of Michael Little is dismissed. The ruling of the Bankruptcy Court is affirmed.

SO ORDERED.

---

4. This ruling in no way affects Little's ability to avoid personal liability on the grounds that the Bank knew the Debtor was a trust. That issue is not presented here.