In re Edward J. VARRICHIONE,
Debtor.

No. 02–18778 JNF.

United States Bankruptcy Court,
D. Massachusetts.

Nov. 9, 2006.

Steven A. Kressler, Worcester, MA, for Debtor.

### MEMORANDUM

JOAN N. FEENEY, Bankruptcy Judge.

## I. INTRODUCTION

The matter before the Court is the Limited Objection to the Chapter 7 Trustee's Final Report and Account before Distribution, Request for Compensation and Report on Claims/Proposed Distribution (the "Final Report"). Carl D. Aframe ("Attorney Aframe"), the Debtor's attorney, holds a Chapter 13 administrative expense claim arising out of the approval on February 28, 2006 of his "Application for Allowance of Compensation pursuant to 11 U.S.C. Section 330 and 331 and Rule 2016 of the Rules of Bankruptcy Procedure and Local Rule 2016–1." Attorney Aframe filed the Limited Objection in which he argues that, as a result of the mischaracterization of a claim filed by the Internal Revenue Service ("IRS") as secured, his allowed administrative claim in the sum of $24,241.10 will be reduced to a payment of $4,991.21 as set forth in the Trustee's Final Report and application of 11 U.S.C. § 724(b)(1) and (2).[1]

The Court heard Attorney Aframe's Limited Objection on September 14, 2006 and directed the parties to file briefs in support of their respective positions. The issue presented is whether Attorney Aframe established that the IRS's claim should be recharacterized as unsecured by virtue of Mass. Gen. Laws ch. 223, § 67 and Mass. Gen. Laws ch. 36, § 34 or 11 U.S.C. § 554.

The facts necessary to determine the Limited Objection are not in dispute. Neither Attorney Aframe nor the IRS requested an evidentiary hearing. The Court now makes its findings of fact and rulings of law in accordance with Fed. R. Bankr.P. 7052.

## II. FACTS

The Debtor filed a Chapter 13 petition on December 5, 2002. On his petition, he listed his address as 625 Salem End Road, Framingham, Massachusetts. At the time he filed his petition, the Debtor owned a 50% interest in 625 Salem End Road as a tenant in common, the only interest which he listed on Schedule A–Real Property. The Debtor also owned a 1/4 beneficial interest in a real estate trust know as the Varrichione Realty Trust, which held title to real property located at 120 Waushakum Lake Avenue, Framingham, Massachusetts (the "Property"). On Schedule B–Personal Property, the Debtor described his interest, which he valued at $70,000, as follows: "25% beneficial interest in real estate at 120 Lake Ave., Framingham, MA owned by Varrichione Realty Trust; subject to life estate of Louise F. Varrichione; subject to a mortgage to

---

1. According to the Trustee in his Final Report, he has cash on hand in the amount of $62,628.79. Treating the IRS's claim as secured and deducting the value of that claim ($22,177.84) and the Chapter 7 administrative expenses, including the Trustee's commission ($6,947.45), the Trustee's attorneys' fees and expenses ($27,336.70) and the Trustee's accountant's fees and expenses ($1,175.59), leaves a balance of $4,991.21 for payment of Attorney Aframe's Chapter 13 administrative expense claim. Attorney Aframe deducted his retainer in the sum of $4,500 from the compensation requested in his Application.

Framingham Cooperative Bank in the amount of $54,771.42."[2] Two days before he filed his Chapter 13 petition, the Debtor and Louis Varrichione, Jr., as Trustees of the Varrichione Realty Trust, granted Louise Francis Varrichione a life estate in the Property for consideration of less than $100.

Prior to the commencement of the Debtor's Chapter 13 case, the IRS, on February 2, 1995, recorded a personal property lien with the U.S. District Court for the District of Massachusetts in the name of Edward J. Varrichione. It also had recorded two tax liens against the Debtor's real property at the Middlesex Registry of Deeds in which the land records for the Town of Framingham are kept. The real estate tax liens had expired four months prior to the filing of the Debtor's Chapter 13 petition by virtue of 26 U.S.C. § 6323(f)(1)(A)(i).[3]

Confronted with the a motion to dismiss filed by Chapter 13 Trustee and an objection to confirmation of his Chapter 13 plan filed by the United States of America on behalf of the Internal Revenue Service ("IRS") on the ground that the Debtor failed to adequately address its secured claim in the sum of $26,665.01 and its unsecured claim in the sum of $207,665.01, the Debtor voluntarily converted his Chapter 13 case to a case under Chapter 7 on June 18, 2003. Mark G. DeGiacomo was appointed the Chapter 7 Trustee. Prior to the voluntary conversion of his case, however, Attorney Aframe, on behalf of the Debtor, had filed an Objection to the Proof of Claim of the IRS. Specifically, the Debtor objected to the portion of the claim relating to the 1992 and 1993 tax periods for which the IRS had recorded a lien on February 2, 1995. The Debtor stated: "[W]hile allegedly secured, [the claims] are not secured inasmuch as the Debtor had and has had no assets valued in the sum of

2. The Debtor claimed a portion of his beneficial interest as exempt under 11 U.S.C. § 522(d)(5).

3. Section 6323(f)(1)(A)(i) pertains to the place for filing notice of tax liens affecting real property. It provides that "[i]n the case of real property [notice shall be filed] in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated...." 26 U.S.C. § 6323(f)(1)(A)(i). Mass. Gen. Laws ch. 36, § 24 provides:

*Notice of a federal tax lien which may be filed in the commonwealth or any other federal lien on any real property or fixtures shall be filed with the register of deeds of the county in which such real property or fixtures are situated.* Said register shall, whether the title of the real property involved is registered or unregistered, record such notice, the recording fee for which shall be five dollars. Each register of deeds shall cause competent persons to prepare and keep current an alphabetical listing of all taxpayers against whom such a federal

tax lien or other federal lien has been recorded commencing with the year nineteen hundred and fifteen. Certificates of discharge or certificates releasing *specific property from such liens,* or other notices affecting such liens shall be filed with the same register of deeds with whom the notice of lien was filed. The register of deeds shall, for a like fee, record any such certificates or notices and make a note of reference thereto on the margin of the record of the notice of lien referred to therein. Certification *of notices of liens, certificates discharging liens, certificates releasing specific property from liens,* or other notices affecting federal liens upon real property or fixtures by the secretary of the treasury of the United States or his delegate, or by any official or entity of the United States responsible for filing or certifying of any other lien shall entitle them to be recorded and no other attestation, certification or acknowledgement shall be necessary. The register of deeds may bill the district directors of internal revenue or other appropriate federal officials on a monthly basis for documents filed by them.
(Emphasis supplied).

$26,139.00. Thus, the Debtor calls upon the IRS to prove the value of their security as of February 2, 1995, the date of the filing of the lien and thereafter." [4]

Following the conversion of the Debtor's case to Chapter 7, the Chapter 7 Trustee, on September 21, 2004, filed an adversary proceeding (Adv. P. No. 04–1299) against Louise Frances Varrichione. On December 21, 2004, he amended his Complaint following the Court's allowance of the Defendant's request to join her son, Louis Varrichione, Jr., as a defendant, both individually and as a trustee of the Varrichione Realty Trust.[5] In his Amended Complaint, to which no answers were filed, the Trustee alleged that on November 23, 1994, more than eight years before the filing of the Debtor's bankruptcy petition, the Debtor's parents, Louis Varrichione and Louise Frances Varrichione, conveyed the Property to the Debtor and Louis Varrichione, Jr. as Trustees of the Varrichione Realty Trust under a Declaration of Trust dated October 27, 1994. He further alleged that the granting of a life estate to Louise Frances Varrichione just before the Debtor filed his Chapter 13 petition, "reduced the value of the Debtor's interest in the Property which is property of the estate." [6] Based upon these allegations, the Chapter 7 Trustee formulated three-counts under 11 U.S.C. §§ 548(a)(1)(A), (a)(1)(B), and 550 seeking to recover the alleged fraudulent transfer of the life estate.

On May 24, 2005, approximately five months after filing his Amended Complaint, the Trustee filed a "Motion to Approve Stipulation between Chapter 7 Trustee and Louise Frances Varrichione, Louis Varrichione, Jr. and Edward J. Varrichione, Individually and as Trustees of Varrichione Realty Trust." Pursuant to his Motion, the Trustee sought authority to accept the sum of $68,208.25 in full satisfaction of his claim to the Debtor's 1/4 beneficial interest in the Varrichione Realty Trust. On June 17, 2005, the Court, in the absence of objections, granted the Trustee's Motion.

On February 21, 2006, the Trustee filed, and electronically served on Attorney Aframe, his "Omnibus Objections to Claims." The Trustee objected to "the secured proof of claim of the Internal Revenue Service" in the amount of $233,794.10, which was filed on February 3, 2003, while the Debtor's Chapter 13 case was pending, on the ground that the IRS had filed an amended proof of claim on February 6, 2006. The Court scheduled a hearing on the Trustee's Omnibus Objections for April 11, 2006. The Trustee, on March 6, 2006, notified parties in interest, including Attorney Aframe, of the hearing date.

The IRS responded to the Trustee's Objection on March 31, 2006, noting that its amended proof of claim set forth a secured claim in the sum of $22,177.84 (in contrast to its original proof of claim in which it asserted a secured claim in the sum of $26,139.09) and an unsecured claim in the sum of $207,655.01. The IRS framed the issue as one relating to its amended unsecured claim. It stated:

The Trustee objects to the Service's January 23, 2003 claim on the basis that it has been amended by the proof of claim dated February 6, 2006. The Ser-

---

4. The Court questions this accuracy of this statement because the Debtor listed the value of his 1/4 beneficial interest in Varrichione Realty Trust at $70,000.

5. Attorney Aframe represented Louise Frances Varrichione in the adversary proceeding.

6. The Trustee alleged the fair market value of the property was $295,000 and that the Property was encumbered by a mortgage with an outstanding balance of $52,694.87.

vice does not object to the disallowance of the January 23, 2003 claim (Claim No. 5).

The Trustee objects to only the general unsecured portion of the Services's February 6, 2006 claim stating that the Service's general unsecured claim should subordinated to allowed general unsecured claim [sic] under 11 U.S.C. § 726(a)(4).

The IRS served a copy of its Response on Attorney Aframe either electronically or by first-class mail.

On April 10, 2006, the Trustee filed a Report and Hearing Agenda with respect to his Omnibus Objections to Claims. In his Report and Hearing Agenda, he recommended the allowance of the IRS's amended proof of claim as secured in the amount of $22,177.84 and unsecured in the sum of $3,996.42. Attorney Aframe was served electronically with a copy of the Report and Hearing Agenda. Notably, the IRS's amended secured claim was less than the amount of the secured claim to which the Debtor objected during the pendency of his Chapter 13 case.

On April 11, 2006, the Court approved the agreement between the Trustee and the IRS with respect to the IRS's amended proof of claim in a proceeding memorandum and in a separate written order. The Court allowed the IRS's amended proof of claim as follows: $22,177.84 as a secured claim and $3,996.42 as an unsecured claim. Attorney Aframe received notice of the Court's ruling. He did not move for reconsideration of the Court's April 11, 2006 order, even though his Application for Allowance of Compensation was heard on February 28, 2006, between the filing of the Chapter 7 Trustee's Omnibus Objections to Claims and service of notice of the non-evidentiary hearing on the Omnibus Objections to Claims.

## III. POSITIONS OF THE PARTIES

### A. *Attorney Aframe*

Attorney Aframe makes both procedural and substantive arguments with respect to his Limited Objection to the Trustee's Final Report. With respect to the former, he asserts that no party in interest had notice of the settlement of the IRS's amended proof of claim pursuant to which the Chapter 7 Trustee and the IRS agreed that the IRS holds a secured claim in the sum of $22,177.84. He stated:

No party in interest had notice and an opportunity to object to this agreement [set forth in the Report and Hearing Agenda and approved by the Court on April 11, 2006] inasmuch as at the hearing the settlement was announced and the Order approving the settlement was entered immediately thereafter. No Rule 2002 notice was provided to the Chapter 13 administrative creditor, nor any order by the Court directing that notice not be given. Since the ruling, if left to stand, negatively impacts the estate creditors, notice under Rule 2002(a)(3) was required.

Attorney Aframe also argues that the Varrichione Realty Trust was a nominee trust and that the Debtor is both a trustee and a beneficiary of the Trust. Relying upon *In re Eastmare Dev. Corp.,* 150 B.R. 495, 500 (Bankr.D.Mass.1993), in which the court stated that "in the bankruptcy context there has been a reluctance to permit the beneficiaries of nominee trusts to shield their personal assets from the reach of creditors through the use of nominee trusts," he argues: 1) that the a beneficiary of a nominee trust is the beneficial owner of the real estate, *Id.* at 502; 2) that the purpose of a nominee trust is to give the beneficiary control over the trust *res* without revealing the identity of the beneficiary, *see In re Rosencranz,* 193 B.R. 629,

634 n. 6 (Bankr.D.Mass.1996); and 3) that "[t]he establishment and maintenance of a nominee trust is ... fraudulent in nature." Based upon these arguments, he posits that, if a beneficiary of a nominee trust fraudulently conveys real estate, Mass. Gen. Laws ch. 223, § 67 governs the recording of liens to protect creditors. Attorney Aframe contends that the Trustee, as a bona fide purchaser under 11 U.S.C. § 544, could have challenged the secured claim of the IRS because it did not comply with the recording statutes of the Commonwealth of Massachusetts. Accordingly, he asserts that the characterization of the IRS claim as secured "has never been put to contest with the party most affected." Relying upon Mass. Gen. Laws ch. 223, § 67,[7] he states:

> To uphold the IRS position would not only flagrantly void Massachusetts General Laws ch. 223, § 67 requiring notice of a lien on a beneficial interest by name and property address to be recorded at

the appropriate registry, but it would also require every purchaser of real estate from Great Barrington to Provincetown to not only check the respective county Registry, but to come to Boston to check the liens on record at the U.S. District Court as well as determine who the beneficiaries of the realty trust are by some certification by the Trustees despite the language in this trust that a purchaser may rely upon the signature of the Trustees without seeking to determine the authorization by or even the names of the beneficiaries.

### B. *The United States of America*

The IRS characterizes Attorney Aframe's Limited Objection to the Trustee's Final Report as a *de facto* objection to its amended proof of claim and challenges his standing to object to its claim, citing, *inter alia*, *Kowal v. Malkemus (In re Thompson)*, 965 F.2d 1136, 1147 (1st Cir.1992),[8] and *In re The Charter Co.*, 68 B.R. 225,

---

**7.** Section 67 provides the following:

*If an attachment on mesne process is made of land, or of a right or interest therein,* which has been fraudulently conveyed by the debtor to a third person, or which has been purchased by the debtor, or the purchase money of which has been directly or indirectly paid by him, and the title thereto has been retained in the vendor or conveyed to another person, with the intent and for the purpose of fraudulently securing the land from attachment by a creditor of such debtor, or with the intent and for the purpose of delaying, defeating or defrauding creditors, or *which is held on a trust for the debtor, express or implied, whereby he is entitled to a present conveyance,* or *which was acquired by the debtor by a deed describing him as trustee, regardless of the validity of the trust or the legal effect of the designation as trustee,* it shall not be valid against a subsequent attaching creditor, or against a subsequent purchaser in good faith and for value, unless the officer in addition to the return required by sections sixty-two and sixty-three also returns a brief description of the land which has been attached, by its locality, situation,

boundaries or otherwise as known to him, and the names of the persons in whom the record or legal title stands.

Mass. Gen. Laws ch. 223, § 67.

**8.** In *Thompson*, the First Circuit, quoting *In re Morrison*, 69 B.R. 586, 589 (Bankr.E.D.Pa. 1987), stated: " 'the needs of orderly and expeditious administration do not permit the full and unfettered exercise of [a creditor's] right to object to the allowance of another creditor's claim. The most important qualification attached to the right of a creditor to object is that it is the trustee who acts as the spokesman for all the creditors in discharge of the trustee's duty unless the trustee *refuses to take action.*' " 965 F.2d at 1147 (Emphasis in original). The First Circuit added: "As a general rule, absent leave of court, the chapter 7 trustee alone may interpose objections to proofs of claim. Leave to object is not generally accorded an individual creditor unless the chapter 7 trustee refuses to object, notwithstanding a request to do so, and the bankruptcy court permits the creditor to object in the trustee's stead." *Id.*

227 (Bankr.M.D.Fla.1986)("a 'party in interest' is a party who has a pecuniary interest in the estate being administered"). The IRS adds that there was no appeal from the Court's final order of April 11, 2006 allowing its amended proof of claim.

Addressing the merits of Attorney Aframe's Limited Objection, the IRS argues that because the Debtor's beneficial interest in the Trust was, and was scheduled as, personal property, not a real property interest in the Property, Attorney Aframe's argument that the Chapter 7 Trustee could have avoided its lien lacks merit. It argues that under 26 U.S.C. § 6321 a lien arises in favor of the United States upon all property and rights to property, whether real or personal, upon a person's failure to pay any tax and that the tax liens attach immediately to any property acquired by a taxpayer during the existence of the lien. To obtain priority over other liens, notice of federal tax liens must be filed pursuant to 26 U.S.C. § 6323(a). According to the IRS, the assessment liens attached to the Debtor's beneficial interest in the Varrichione Realty Trust and, upon the filing of the notice of federal tax lien in the United States District Court for the District of Massachusetts on February 2, 1995, creditors, including any judgment lien creditors and the Chapter 7 Trustee as a hypothetical lien creditor under 11 U.S.C. § 544, were put on notice of its secured position.

Specifically, the IRS argues that 26 U.S.C. § 6323(f) governs where federal tax liens should be filed with respect to personal property. Because Massachusetts state law does not designate one office where federal tax liens affecting personal property should be filed, the IRS, citing Rev. Rul. 85–89, 1985–2 C.B. 236 and Rev. Rul. 77–61, 1977–1 C.B. 388, states that it files notices of federal tax liens with respect to personal property in the United States District Court in the judicial district in which the taxpayer resides.

## IV. DISCUSSION

■ For the reasons set forth below, the Court rejects Attorneys Aframe's procedural and substantive arguments in support of his Limited Objection. The Court shall assume, for the purposes of this decision only, that Attorney Aframe had standing to object to the amended proof of claim of the IRS. Attorney Aframe, however, failed to file a timely objection to the claim of the IRS on his own behalf during the pendency of the Chapter 7 case, and he failed to intervene when the Chapter 7 Trustee filed his Omnibus Objections to Claims, despite more than ample notice of the positions of the Chapter 7 Trustee and the IRS, the issues presented, and the date and time of the hearing. Moreover, after receiving notice of the resolution of the IRS's claim in the form of the Court's April 11, 2006 bench order, Attorney Aframe failed to raise the issue that is now before the Court. Although Attorney Aframe complains that he received no notice of the settlement of the claim, this Court's review of the pleadings, all of which were served on Attorney Aframe, demonstrates that the Chapter 7 Trustee did not challenge the amount of the IRS's secured claim set forth in its amended claim, which was less than the amount of its secured claim set forth in its original proof of claim, and his only objection to the original proof of claim was that it had been supplanted by an amended proof of claim. Accordingly, the Trustee was not obligated to serve a motion for authority to compromise that portion of the IRS's claim on parties in interest pursuant to Fed. R. Bankr.P.2002.

■ With respect to the merits of Attorney Aframe's objection to the IRS's secured claim, the Court rejects the posi-

tions he espouses. In the first instance, a beneficial interest in a real estate trust, even a nominee real estate trust such as the Varrichione Realty Trust, is not *per se* the equivalent of an ownership interest in real estate by deed.

In *In re Eastmare Dev. Corp.*, 150 B.R. 495 (Bankr.D.Mass.1993), this Court observed:

> As noted by the district court, Massachusetts cases permit creditors to pierce the "trust veil" to obtain recoveries against beneficiaries/partners in recognition of the fact that the beneficiaries maintain ultimate control over the affairs of the trust. In these situations, courts have not permitted the trust vehicle to shield the beneficiaries from liability. Similarly, in the bankruptcy context, there has been a reluctance to permit the beneficiaries of nominee trusts to shield their personal assets from the reach of creditors through the use of nominee trusts. In *In re Assembled Interests Corporation*, 117 B.R. 31 (Bankr.D.N.H.1990), the court noted that Massachusetts bankruptcy courts reviewing the eligibility of nominee trusts for bankruptcy protection, though taking different tacks, "agreed that no filing should be accepted that does not encompass the personal liability of the real parties in interest." 117 B.R. at 32. *See In re Medallion Realty Trust*, 103 B.R. 8 (Bankr.D.Mass.1989), *aff'd* 120 B.R. 245 (D.Mass.1990), *In re Village Green Realty Trust*, 113 B.R. 105 (Bankr.D.Mass.1990), *In re Heritage North Dunlap Trust*, 120 B.R. 252 (Bankr.D.Mass.1990).

150 B.R. at 500.

Attorney Aframe would have this Court pierce the Varrichione Realty Trust or permit him to asset the Trustee's "claims" under § 544(a)(3) to avoid the IRS's alleged security interest in the Debtor's 1/4 beneficial interest in the Trust for purposes of ruling that the Debtor owned a 1/4 interest in the Property, rather than personal property, thereby extinguishing the IRS's secured claim resulting from the filing of its notice of federal tax lien with the United States District Court. If the Debtor were determined to be the owner of real property, rather than personal property, then, in Attorney Aframe's view, the IRS's secured claim can be avoided either pursuant to 11 U.S.C. § 544 or as a result of Mass. Gen. Laws ch. 223, § 67. The Court, however, lacks both procedural and factual predicates to make such a determination.

In the first place, the settlement of the Trustee's adversary proceeding against Louise Frances Varrichione and Edward J. Varrichione, Jr. resulted in the Chapter 7 Trustee receiving the value of the Debtor's 1/4 beneficial interest in the Trust. Thus, there would be no benefit to the estate from piercing the Trust veil.

Moreover, absent an adversary proceeding for a declaration that piercing the Varrichione Realty Trust for the benefit of the Debtor's creditors is warranted, *see* Fed. R. Bankr.P. 7001, this Court has no factual basis upon which to make such a ruling. Indeed, if "ultimate control over the affairs of the trust" is the predicate for piercing the trust veil, the Court could not reach such a conclusion in view of the undisputed fact that the Debtor is one of two trustees and one of four beneficiaries. Without evidence that he exercised absolute control over the affairs of the Varrichione Realty Trust, his position as one of two trustees and one of four beneficiaries precluded him from doing so without proof of his authority to exercise such control.

The facts in *In re Eastmare Dev. Corp.*, 150 B.R. 495 (Bankr.D.Mass.1993), the case upon which Attorney Aframe relies, are distinguishable from those in the in-

stant case. In *Eastmare*, the corporate debtor held 100% of the beneficial interest in a nominee trust and its president, treasurer, clerk and sole director of was the trustee of the trust. Unlike the situation in *Eastmare*, Attorney Aframe did not establish, and could not do so without evidence, that the Debtor, as one of two trustees, and one of four beneficiaries, had absolute control over the affairs of the Varrichione Realty Trust. Accordingly, for purposes of Attorney Aframe's Limited Objection, this Court has no basis for a determination that the Debtor owned a 1/4 interest in the real property located at Waushakum Lake Avenue, rather than just what he said he owned when he filed his Chapter 13 petition, namely a beneficial interest in a trust— personal property. That personalty was subject to the properly filed notice of federal tax lien filed by the IRS in the United States District Court for the District of Massachusetts.

■ The Court also is unpersuaded by Attorney Aframe's arguments under 11 U.S.C. § 544. He simply has provided no legal authority for the employment of § 544 by an administrative creditor to avoid a lien, and there is none. Neither the plain language of § 544 nor the plain language of 11 U.S.C. § 522(h) permit such a result. The Court cannot compel the Chapter 7 Trustee, who has obtained the value of the Debtor's beneficial interest in the Varrichione Realty Trust, to avoid properly perfected liens recorded by the IRS in 1995 as the holder of the rights and powers bona fide purchaser of *real* property.

■ Finally, with respect to Attorney Aframe's arguments under Mass. Gen. Laws ch. 223, § 67, the Court concludes it is inapplicable. Section 67 provides the following:

> *If an attachment on mesne process is made of land, or of a right or interest therein,* which has been fraudulently conveyed by the debtor to a third person, or which has been purchased by the debtor, or the purchase money of which has been directly or indirectly paid by him, and the title thereto has been retained in the vendor or conveyed to another person, with the intent and for the purpose of fraudulently securing the land from attachment by a creditor of such debtor, or with the intent and for the purpose of delaying, defeating or defrauding creditors, or *which is held on a trust for the debtor, express or implied, whereby he is entitled to a present conveyance, or which was acquired by the debtor by a deed describing him as trustee, regardless of the validity of the trust or the legal effect of the designation as trustee, it shall not be valid against a subsequent attaching creditor, or against a subsequent purchaser in good faith and for value,* unless the officer in addition to the return required by sections sixty-two and sixty-three also returns a brief description of the land which has been attached, by its locality, situation, boundaries or otherwise as known to him, and the names of the persons in whom the record or legal title stands.

Mass. Gen. Laws ch. 223, § 67. *See also* REBA Title Standard No. 38, Attachments of Trust Property, 28B Mass Prac., Real Estate Law REBA Tit. Std. No. 38 (4th ed.).[9] Because the notice of federal tax lien filed by the IRS in 1995 preceded the alleged fraudulent transfer of the life es-

---

**9.** The Title Standard provides the following:

1. An attachment in a suit against A does not impose a lien upon real estate, record title to which is in A as a trustee, unless the attachment includes a brief description of the real estate which has been attached and also identifies A as such trustee.

2. An attachment in a suit against A does not impose a lien upon real estate, record title to which is in B as a trustee for A,

tate, and, because the creation of a nominee trust in 1994 was not *per se* fraudulent, the Court cannot find that Mass. Gen. Laws ch. 223, § 67 is applicable to the facts of this case which involves, not the Debtor's legal title to the land known as 120 Waushakum Lake Avenue Property as Trustee, or a "right or interest" in that land, but his beneficial interest in the Trust whose *res* is the land.

## V. CONCLUSION

In view of the foregoing, the Court overrules the Limited Objection to the Trustee's Final Report filed by Attorney Aframe.

unless the attachment includes a brief description of the real estate which has been attached, and also identifies B as such trustee.

3. An attachment in a suit against A as a trustee does not impose a lien upon real estate, record title to which is in A in another capacity or individually.